■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY ALLEN KING, Also Known as ANTHONY ALLEN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 6, 1973, convicting him of burglary in the second degree, upon a jury verdict, and sentencing him to · an indeterminate prison term not to exceed seven years. Judgment reversed, on the law, and new trial ordered. No questions of fact were raised or considered on this appeal. In our opinion, it was reversible error for the trial court to refuse defendant's request to instruct the jury on the crime of criminal trespass in the second degree (and thereby limit the charge to the surviving crime alleged in the indictment, that is, burglary in the second degree). The crime of burglary in the second degree is committed when one knowingly enters or remains unlawfully in a dwelling, at night, with the intent to commit a crime (Penal Law, § 140.25, subd. 2). By contrast, the crime of criminal trespass in the second degree is the unlawful entry into a dwelling without the intent to commit a crime (Penal Law, § 140.15). On the facts of this case, a jury could reasonably have found that defendant had unlawfully entered complainant's house without the intent to commit a crime. The complainant had shortly theretofore vacated the premises , and they had remained unoccupied. As the complainant testified, there was nothing of much value inside. In addition, at the time of arrest, defendant was not in possession of burglar's tools or a weapon. Also, the arresting officer testified that at the time of the arrest he questioned defendant about his presence in the house and defendant stated that he was looking for a place to sleep because his mother had put him out. The address given by defendant was that of his mother. This explanation would be consistent with the conclusion that defendant did not possess a criminal intent and the jury should have been permitted to consider the explanation in conjunction with an appropriate charge. We note that it was error for the court to permit the arresting officer to continue to testify, over objection, that an investigation had revealed that defendant was living with · a girl in Manhattan whereas his mother lived in Queens. The officer had not conducted the investigation, thus the testimony was inadmissible, as hearsay. Whenever a reasonable view of the evidence would support a finding that a defendant committed a lesser included offense than the one for which he was indicted, the court must instruct the jury on the lesser offense if requested to do so (CPL 300.50). Denial of the request in the case at bar was error and a new trial is warranted. Hopkins, Acting P. J., Martuscello, Latham and Cohalan, JJ., concur.