■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELOY BERNAL, Appellant. — Judgment, Supreme Court, Bronx County (Grey, J.), rendered August 1, 1980 convicting defendant following nonjury trial of two counts of assault in the first degree (Penal Law, § 120.10), and sentencing him thereon, is reversed, on the law and the facts, and a new trial ordered. The motions to suppress physical evidence seized in said defendant's apartment at the time of the arrest, and the knife found in the yard and statements made by said defendant in the station house to the police officers and to the Assistant District Attorney are granted. As the District Attorney concedes, defendant's warrantless arrest in his apartment violated the rule of *Payton v New York* (445 US 573), and rendered the seizure of the clothes from his apartment illegal. Immediately as the police were coming into defendant's apartment defendant ran back through the kitchen into the bedroom and threw a knife out the window. The knife was found in the rear yard. As to the knife, on the facts, the present case is controlled by *People v Loria* (10 NY2d 368), where as a result of an unlawful intrusion into a home, one of the occupants picked up a leather vanity case and threw it out the window and the court held that the case and its contents thus discovered were inadmissible. The *Loria* case was cited with approval in *People v Boodle* (47 NY2d 398, 402, cert den 444 US 969), which is, on its facts, the closest case the other way. As to the statements made by defendant, *People v Rogers* (48 NY2d 167), held that an arrested person, if he has a lawyer even on an unrelated matter, cannot be questioned in the absence of counsel. In the present case the chief investigating police officer knew that the defendant had been arrested some six weeks earlier and charged with a felony in the same county. Particularly in view of the uniform practice in this city of assigning attorneys to defendants at or shortly after their arraignment for a felony (unless they already have an attorney), the officer was charged with the duty to inquire whether defendant was represented by counsel in that case. (*People v Bartolomeo,* 53 NY2d 225, 231-232 [if he had made such inquiry, he would have learned that the Legal Aid Society had been assigned to represent the defendant and that the case was still pending at the time of his arrest in the present case.]) Accordingly the statements made to the police officer in the absence of counsel must be suppressed. Defendant made substantially the same statements to the Assistant District Attorney. But the Assistant District Attorney was called to the police station by the same investigating officer after the defendant had made his statements to the police officer, and that police officer was sitting in the room with the Assistant District Attorney when the Assistant District Attorney interrogated the defendant. We think that on these facts, the relationship between the Assistant District Attorney and the police officer as to this investigation was so close that they should be deemed members of one team and that the knowledge of defendant's recent arrest, which the police officer had, also requires the suppression of the statements made to the Assistant District Attorney. We cannot say that the evidence thus improperly admitted was harmless. Concur — Sullivan, J. P., Silverman, Bloom, Fein and Alexander, JJ.