■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARIF KHAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered June 2, 1982, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. ¶ Judgment reversed, on the law, and new trial ordered. ¶ At approximately 8:00 P.M. on October 13, 1981, defendant forced his way into the apartment of Abdul and Lucia Chaudry while Lucia was at home alone. Abdul returned while defendant was still in the apartment. Lucia fled the apartment and summoned the police who arrived five minutes later and arrested defendant. ¶ At the trial, Lucia Chaudry testified that defendant, upon entering the apartment after

kicking in the door, had threatened her with a knife and asked where her husband was. He then pushed her into the bedroom where he proceeded to ransack drawers. Lucia further testified that when her husband Abdul arrived, defendant tried to push Abdul out of the apartment and threatened him with a knife. Defendant and Abdul, both Pakistanis, spoke to one another but Lucia did not understand what was said because they spoke in their native tongue. ¶ Abdul Chaudry testified at trial that when he returned home on the evening of the incident he found defendant in his apartment with his wife who was crying and pleading with defendant not to harm her husband. When Abdul entered the apartment defendant brandished a knife, demanded Abdul's jacket and said he needed money. Defendant took Abdul's wallet containing $100. Abdul acknowledged that he had seen defendant once before the incident at a church where Pakistani people congregated. He had not spoken to defendant on that prior occasion. ¶ The only other witness who testified for the prosecution was the arresting officer, who stated that at the time he made the arrest he noticed the front door of the Chaudry apartment was damaged and the bedroom was in total disarray with clothes pulled out of the drawers and the closet. Abdul had told the officer that he knew defendant from a church he attended. ¶ Defendant, testifying in his own behalf, claimed that he went to the Chaudry apartment to recover $2,000 he had loaned Abdul. He stated that he met Abdul when they were co-workers at a restaurant. They became friends and defendant loaned Abdul money over a period of months because Abdul had injured his leg and could not work. Abdul only repaid about $400 of the money owed. Thereafter, he moved and left no forwarding address. Eventually defendant located Abdul through a mutual friend. ¶ Defendant admitted kicking in the door of the apartment but did so only because Lucia, who was in the hall when he arrived, had claimed not to know him, had run into the apartment and had refused to open the door. Defendant denied that he had gone to the Chaudry apartment to rob them. He further denied threatening either Abdul or Lucia with a knife, ransacking the bedroom or taking Abdul's wallet. Defendant admitted looking in the wallet but, upon seeing only $100, he returned the wallet to Abdul. Defendant said that he "guessed" he would have used whatever force necesssary to get his money back. ¶ On appeal, we must decide whether the trial court erred when it refused, upon the facts adduced at trial and upon defense counsel's request, to charge criminal trespass in the third degree as a lesser included offense of burglary in the third degree. In our view, it was error not to charge criminal trespass. ¶ Pursuant to CPL 300.50 (subd 1) the court is required to submit a lesser included offense to the jury "if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater". In making such a determination the court must view the evidence in a light most favorable to defendant (see *People v Martin,* 59 NY2d 704, 705; *People v Henderson,* 41 NY2d 233, 236). "The classic statement of the test to warrant a refusal to submit lower degrees or included crimes * * * is that 'every possible hypothesis' but the higher crime be excluded" (*People v Shuman,* 37 NY2d 302, 304). ¶ Application of these principles to the matter before us compels reversal. It is the element of intent that distinguishes burglary from the lesser included offense of criminal trespass (see Hechtman, Practice Commentaries, McKinney's Cons Law of NY, Book 39, Penal Law, § 140.20, p 37). Defendant does not dispute that he unlawfully entered the Chaudry apartment, thus, clearly supporting conviction for criminal trespass in the third degree; he claims, however, that he did not intend to commit a crime therein. While defendant's own testimony and the evidence that he ransacked the bedroom controvert the lack of criminal intent thereby making it reasonable for the jury to conclude that defendant did intend to commit a crime in the apartment, the

jury could also have accepted defendant's version of the facts and have found that he lacked the requisite criminal intent. Therefore, it was error for the trial court to refuse to charge the lesser offense as well as the greater. ¶ We further note that the conduct of the prosecutor during summation in characterizing defendant as an individual who preyed upon immigrants and who chose Abdul and Lucia Chaudry because they were easy victims was improper (see *People v Walker*, 66 AD2d 863, 865). These remarks seemed designed to inflame the passions of the jury and to draw the jury's attention away from the issues in the case. We cannot say that such remarks constituted fair comment. Titone, J. P., Mangano, Thompson and Brown, JJ., concur.