■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICK CSIKORTAS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered January 20, 1981, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered.

Defendant was charged with burglarizing a service station. He was apprehended inside the station, together with a codefendant, Robin Rodriguez, and the 13-year-old son of the latter's brother-in-law, by two police officers who entered through the unlocked front door and found them hiding in the garage area. According to the officers, other than some open desk drawers and scattered papers, no damage had been done to the premises. According to one of the owners of the station, however, when he arrived on the scene the following day, the premises had been ransacked, tires and papers were strewn around, an office door had been kicked in, various tools were missing, tires were removed from the trunk of another vehicle, and the personal lockers had been opened. Another witness who leased a portion of the service station for an auto collision repair shop, also testified that some tools and car radios were missing.

Robin Rodriguez testified for the defense that he, defendant, and the 13 year old had been playing ball against the garage

wall when the ball went up onto the roof. The 13 year old went up to retrieve the ball and threw it down to Rodriguez and defendant, who continued playing ball for about 5 or 10 minutes until they observed through a window that the youth was inside the garage. According to the witness, he and defendant tried to convince the 13 year old to come out of the garage because they did not want to see him get into trouble. Upon seeing that the door was open, the witness and defendant went inside to get the youth. Suddenly they spotted the police and attempted to hide. The witness claimed that neither he nor defendant possessed any stolen property when they were arrested and that they had been in the premises for only one minute when the police arrived.

Following the denial of a motion for a directed verdict, defendant's counsel requested that the court charge, in addition to the burglary in the third degree count for which defendant had been indicted, the lesser included offense of criminal trespass in the third degree. Defendant contends that the court erred in refusing his request to so charge. We agree.

Pursuant to CPL 300.50 (subds 1, 2), the court, where requested to do so, must submit to the jury any lesser included offense of a count charged in the indictment if there is a reasonable view of the evidence which would support a finding that defendant committed the lesser offense but did not commit the greater offense. In determining whether it was error not to charge the lesser included offense, we must view the evidence adduced in the light most favorable to the defendant (*People v Martin,* 59 NY2d 704; *People v Henderson,* 41 NY2d 233; *People v Khan,* 101 AD2d 867). The additional element of burglary in the third degree (Penal Law, § 140.20) which distinguishes it from criminal trespass in the third degree (Penal Law, § 140.10) is the criminal intent to commit a crime within the premises. There was a reasonable view of the evidence, based upon the testimony of Rodriguez, from which the jury could have concluded that while defendant illegally entered the premises, he did so for an innocent purpose and lacked the criminal intent to commit a crime therein. Accordingly, it was error for the court to refuse to charge criminal trespass in the third degree as a lesser included offense (*People v Khan, supra*).

We also note that it was improper for the prosecutor to question Rodriguez, the only defense witness, on cross-examination regarding his failure to make an exculpatory statement at the time of the arrest. Such questioning was improper and prejudicial (see *People v Conyers,* 52 NY2d 454; *People v Dawson,* 50 NY2d 311) and should not be repeated at the retrial.

Finally, the inflammatory remarks made by the prosecutor on summation in which he equated the unauthorized entry into a place of business with an entry into the jurors' homes likewise should not be repeated (see *People v Calderon*, 88 AD2d 604). Thompson, J. P., Weinstein, Brown and Boyers, JJ., concur.