■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FLORES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered May 2, 1983, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant argues that the trial court erred in refusing his request to charge criminal trespass as a lesser included offense of burglary in the second degree. To establish entitlement to a lesser included offense charge, the defendant must show both that the offense he desires to have charged is a "lesser included offense", and that there is a reasonable view of the evidence in the particular case which would support a finding that he committed the lesser offense but not the greater (CPL 1.20 [37]; 300.50 [1]; *People v Glover,* 57 NY2d 61, 63). At bar, the first requirement is satisfied *(see, People v King,* 44 AD2d 710). However, the second requirement is not. Purely speculative hypotheses are insufficient *(People v Scarborough,* 49 NY2d 364, 372-373). Defendant offered no evidence at trial, no statements of his were admitted into evidence, the People's case contained no contradictory proof and there was no utilization of cross-examination to impugn the prosecution's evidence on the element of intent to commit a crime within the premises *(cf. People v Scarborough, supra,* at pp 369-371). Thus, a charge on the lesser included offense of criminal trespass would have unacceptably forced the jury to " ' "resort to sheer speculation" ' " *(People v Scarborough, supra,* at p 371, quoting from *People v Discala,* 45 NY2d 38, 43). Defendant's reliance on *People v Henderson* (41 NY2d 233) is misplaced. The facts at bar are clearly distinguishable in that (1) here, unlike in *People v Henderson (supra),* defendant had no prior association with the complainant's premises, and (2) it is undisputed that property was actually taken from the complainant's premises.

Defendant's remaining contention regarding an alleged er-

ror in the court's charge to the jury has not been preserved for appellate review in that no objection was made, nor was a request for curative instructions made at a point where an opportunity to do so was present (CPL 470.05 [2]; *People v Robinsin,* 103 AD2d 852). In any event, this contention is devoid of merit. Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.