■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WADE WOOLARD, Appellant

On September 22, 1980, a burglary occurred at a Brooklyn apartment. The defendant's fingerprints were found on shattered glass from the apartment's door. The defendant was familiar to several of the law enforcement officers who worked in the 78th Precinct because of his prior involvement in various minor crimes. On October 7, 1980, the detective investigating the burglary asked one of the officers assigned to the anticrime unit to bring the defendant to the station house if he saw the defendant in the neighborhood. When that officer saw the defendant later that day, he simply told him to give the detective a call. The defendant did call, and when, at the detective's request, he arrived at the station house, the detective placed him under arrest for the burglary. After receiving his *Miranda* warnings, the defendant admitted that he had broken down the door to the apartment but denied that he had taken any of the missing property. At the suppression hearing, the defendant contended that this statement should be suppressed because it was taken in violation of his right to counsel.

The hearing court correctly concluded that the defendant's statement was admissible. It is true that the defendant was arrested on unrelated charges on October 2, 1980, by the same anticrime unit officer who relayed the detective's message, and

also on September 30, 1980, by that officer's partner. It is also clear from the record that the detective had no actual knowledge of these recent arrests. Under the circumstances of this case, he cannot be charged with constructive knowledge of the defendant's representation by counsel on these matters *(see, People v Bertolo,* 65 NY2d 111; *People v Bartolomeo,* 53 NY2d 225; *People v Sanchez,* 109 AD2d 761). There is no reason to impute the anticrime officer's knowledge to the detective. The facts do not indicate that the interaction between the officer and the detective was so close as to render their work a joint investigation *(see, People v Fuschino,* 59 NY2d 91, 98-99; *People v Beverly,* 104 AD2d 996; *People v Bernal,* 92 AD2d 489).

We similarly reject the defendant's contention of error in the trial court's refusal to charge, in addition to the count of burglary in the third degree for which the defendant was indicted, the lesser included offense of criminal trespass in the third degree. Under the first tier of the two-tier test set forth in *People v Glover* (57 NY2d 61), the People concede, and we agree, that criminal trespass in the third degree is a lesser included offense of burglary in the third degree *(see, People v Blim,* 63 NY2d 718; *People v Martin,* 59 NY2d 704; *People v Henderson,* 41 NY2d 233, 235). However, viewing the evidence adduced in a light most favorable to the defendant, as indeed this court must *(see, People v Martin, supra; People v Henderson, supra),* the second tier of the *Glover* test has not been satisfied as there was no reasonable view of the evidence which could have supported a finding that the defendant committed the lesser offense but not the greater. The additional element of burglary in the third degree *(see,* Penal Law § 140.20) which distinguishes it from criminal trespass in the third degree *(see,* Penal Law § 140.10) is the criminal intent to commit a crime within the premises. The defendant's statement that he took no property from the apartment which he had illegally entered is not synonymous with a statement that he illegally entered the apartment for an innocent purpose. Nor did the defendant impugn by cross-examination the evidence offered by the People to establish circumstantially the element of his intent to commit a crime within the premises *(see, People v Blim, supra; People v Flores,* 113 AD2d 899). Thus, a charge on the lesser included offense of criminal trespass would have compelled the jury to resort to sheer speculation *(see, People v Scarborough,* 49 NY2d 364, 371; *People v Discala,* 45 NY2d 38, 43).

The facts at bar are distinguishable from those of *People v*

*Csikortas* (106 AD2d 578), upon which the defendant relies. Unlike the instant case, the defendant in *Csikortas* offered an explanation for his presence in the premises "from which the jury could have concluded that while defendant illegally entered the premises, he did so for an innocent purpose and lacked the criminal intent to commit a crime therein" *(People v Csikortas, supra,* at p 579). No similar proof that the defendant entered the premises for an innocent purpose sufficient to negate the element of intent was submitted in the instant case. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.