■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN EVANS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (O'Shaughnessy, J.), rendered November 7, 1985, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After observing the defendant standing near her next-door neighbor's back door at approximately 9:30 A.M., Mrs. Lillie Bryant became suspicious and summoned the police. Upon their arrival minutes later, the responding officers briefly inspected the premises and observed, shortly thereafter, movement in an upstairs window. The officers, concluding that someone was inside the house, instructed the intruder to exit the premises. Complying with the officer's request, the defendant Kevin Evans exited the house and was immediately placed under arrest. Prior to their observation of the defendant, the officers noticed that a basement window pane had been smashed. A subsequent inspection of the house revealed that a basement door leading to the kitchen had been forcibly knocked from its hinges. Although no stolen property was discovered on the defendant's person, the complainant testified that a diamond pendant which she kept in her bedroom was missing.

The defendant was subsequently accused of burglary in the second degree in connection with the foregoing incident. Prior to submission of the case to the jury on the burglary count, the defense counsel requested that the crime of criminal trespass in the second degree be charged as a lesser included offense. The court declined to so charge.

Contrary to the defendant's contentions, the trial court properly denied his request to charge criminal trespass in the second degree as a lesser included offense of burglary in the second degree, since there was no reasonable view of the evidence which would support a finding that he committed the lesser offense and not the greater (see, CPL 300.50 [1]; *People v Scarborough,* 49 NY2d 364; *People v Woolard,* 124 AD2d 763, *lv denied* 69 NY2d 751; *People v Flores,* 113 AD2d 899, *lv denied* 66 NY2d 919). The fact that defendant was not in possession of stolen property when apprehended or that the premises involved had not been ransacked, does not, under the circumstances, create a viable alternative view of the evidence upon which the jury could rationally have inferred that the defendant was guilty of criminal trespass but innocent of burglary (see, *People v Scarborough, supra,* at 371). While the foregoing facts could conceivably detract from the strength of the People's case in respect to the crime of burglary, they do not establish an evidentiary basis supporting the defendant's contention that he merely entered the premises illegally with an innocent purpose (cf., *People v Flores, supra*). Finally, the defendant's contention that the jury could have concluded

that he entered the premises for the purpose of avoiding the cold weather is without evidentiary support in the record and rests upon "sheer speculation" *(People v Woolard, supra,* at 764). Brown, J. P., Weinstein, Kooper and Sullivan, JJ., concur.