THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CLAYBORNE COLQUIT, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was arrested for the murder of George Beal. Before interrogating defendant, Investigator Ciminelli of the Rochester Police Department checked the city police records to see if any charges were pending against defendant. The records revealed that, eight months before, defendant had been arrested for harassment and menacing and that the harassment charge had been dismissed. No disposition was indicated for the menacing charge. At a suppression hearing, Ciminelli stated that he assumed both charges had been dismissed, and he did not ask defendant if he was represented on any pending charges. Also, subsequent to dismissal of the harassment charge, Lieutenant Mayer, who was in charge of the Beal homicide investigation, received a letter advising that defendant was represented on the menacing charge by Attorney Murante. We conclude that the oral statement made by defendant in response to custodial interrogation should have been suppressed and accordingly, we reverse.

Where the police know that a person is represented by counsel on pending charges or where they have actual knowledge that unrelated charges are pending but fail to ascertain that the person is represented on those charges, any purported waiver of the assistance of counsel is ineffective if made out of the presence of the attorney *(People v Bartolomeo,* 53 NY2d 225). In the subject case, the police record failed to reveal any disposition of the menacing charge, and the investigating officer was charged with knowledge of that record *(see, People v Marshall,* 98 AD2d 452, 462). Under the facts of this case, we cannot accept the claim that Investigator Ciminelli made a good-faith assumption that the menacing charge had been dismissed. Ciminelli and Lieutenant Mayer were engaged jointly in the Beal homicide investigation, and Mayer's actual knowledge that defendant was represented on the menacing charge, acquired *subsequent* to dismissal of the harassment charge, must be imputed to Ciminelli *(see, People v Bernal,* 92 AD2d 489; *see also, People v Garofolo,* 46 NY2d 592; *People v Pinzon,* 44 NY2d 458).

There was probable cause for defendant's arrest and suppression of statements and physical evidence was not warranted upon that ground. (Appeal from judgment of Monroe County Court, Wisner, J.—murder, second degree.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.