◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY COPPOLA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered June 18, 1987, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's claim of error regarding the trial court's refusal to charge criminal trespass in the second degree as a lesser included offense of burglary in the second degree. While it is not disputed that criminal trespass is a lesser included offense as statutorily defined (CPL 1.20 [37]), we are of the opinion that there was no reasonable view of the evidence under which the jury could have found that the defendant committed the lesser offense but not the greater *(see,* CPL 300.50 [1]; *People v Evans,* 135 AD2d 648; *People v Woolard,* 124 AD2d 763).

The sentence imposed was within the legal range for a second violent felony offender convicted of a class C violent felony offense (Penal Law § 70.04 [3] [b]; [4]). Moreover, the court could properly direct that the instant sentence run consecutively to the sentence imposed on a violation of probation *(see, People v Jackson,* 106 AD2d 93). We do not find that the sentence imposed was either unduly harsh or excessive under the circumstances of this case. Therefore, we decline to disturb the exercise of the sentencing court's discretion in this regard. Brown, J. P., Eiber, Kooper and Rosenblatt, JJ., concur.