■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered October 14, 1987, convicting him of burglary in the third degree, criminal mischief in the fourth degree, possession of burglar's tools, and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was observed by police breaking into premises located at 140 Remsen Street in Brooklyn. The police watched as the defendant entered the building by prying open the lock on the vestibule door. The defendant then attempted to break into a real estate office in the building, which was secured by a locked metal door. When his efforts proved to be unavailing, the defendant ventured behind a stairwell and broke through the padlock and hinge which secured the door to the basement. The defendant was apprehended by the police as he left the premises. The police recovered a screwdriver, among other things, from his person. Pry marks, indentations and scratches were later found on the various doors in the building.

Contrary to the defendant's contentions, the evidence, when viewed in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620) was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Specifically with respect to the conviction for burglary in the third degree, the evidence concerning the defendant's forcible entry into the premises in question was sufficient to permit the jury to infer that the defendant harbored an intent to commit a crime while inside the building *(see, People v Gilligan,* 42 NY2d 969; *People v Evans,.* 135 AD2d 648; *People v Haile,* 128 AD2d 891; *People v Woolard,* 124 AD2d 763; *People v Anderson,* 103 AD2d 1011). Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.