■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS GILES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered November 20, 1985, convicting him of burglary in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The record reveals that after a store alarm system was activated at 1:00 A.M. on April 17, 1985, the police and store security personnel responded to the building and observed that a rear door was ajar and the lock broken. Upon entering the building, a police officer confronted the defendant, who immediately fled. The officer, upon further investigation, found the defendant and another man hiding under a store counter. The next day a store security officer discovered that a crowbar had been left outside a locked stockroom in which major electronic appliances were stored. Although the defendant testified that he and his accomplice entered the store "out of curiosity" and because they heard a noise from the rear door area of the store, the court, sitting as trier of fact, was not required to credit the defendant's improbable account of his presence in the building. Under the circumstances, we find that it was permissible for the court to draw the inference that the "defendant's * * * entry was effectuated with the intent to commit a larceny therein" *(see, People v Barnes,* 50 NY2d 375, 381; *People v Mackey,* 49 NY2d 274, 280; *People v Johnson,* 155 AD2d 555; *People v Rodriguez,* 144 AD2d 501, 502). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.