■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL KESSLER, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court properly refused to charge criminal trespass in the second degree as a lesser included offense of burglary in the third degree. Defendant's conduct of forcibly entering the pharmacy during early morning hours was captured on videotape, and there was no reasonable view of the evidence that would support a finding that defendant committed criminal trespass but not burglary *(see, People v Glover,* 57 NY2d 61, 63; *People v Woolard,* 124 AD2d 763, 764, *lv denied* 69 NY2d 751).

There is no merit to defendant's assertion that he was denied the effective assistance of counsel because his trial attorney failed to raise the defense of drug intoxication. Although defendant testified at a suppression hearing that he had used cocaine during the two days prior to the burglary, there is no evidence that he was intoxicated at the time of the burglary. Counsel's representation, viewed in its entirety, was meaningful *(see, People v Satterfield,* 66 NY2d 796). (Appeal from Judgment of Oneida County Court, Buckley, J.—Burglary, 3rd Degree.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.

■ JUAN-RICO RODRIGUEZ, Appellant, v WILLIAM D. WILSON et al., Respondents.—Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Viewing the evidence, as we must, in the light most favorable to the non-moving party, we conclude that there is a triable issue concerning whether plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d) and, therefore, summary judgment must be denied *(see, Hourigan v McGarry,* 106 AD2d 845, *appeal dismissed* 65 NY2d 637). (Appeal from Order of Supreme Court, Erie County, Francis, J.—Dismiss Complaint.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.