■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HAMILTON, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Kings County (Pesce, J.), rendered November 23, 1988, convicting him of burglary in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the People failed to adduce legally sufficient evidence of his intent to commit a crime is unpreserved for appellate review (see, People v Udzinski, 146 AD2d 245; People v Colavito, 70 NY2d 996; People v Bynum, 70 NY2d 858). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The record reveals that the defendant was seen on the inside of a locked 10-foot fence which surrounded a church which had been closed for renovations. The police responded and entered the building but did not find anyone inside and left the scene. Kathryn Allen, the church's assistant pastor, remained outside the church with a neighbor after the officers left. Allen heard a noise and saw a light fixture, which she recognized as belonging to the church, being placed on top of the fence. The police were summoned again. According to Allen, no one entered or left the building from the time the first group of officers left and the second group of officers arrived. The police searched the building and the defendant was found crouched behind some boxes in the rear room of the church. There was damage to the lock and the door jams had been splintered. Under the circumstances, we find that it was permissible for the jury to draw the inference that the defendant's entry was effectuated with the intent to commit a crime in the church premises (see, People v Figueroa, 167 AD2d 555; People v Giles, 161 AD2d 663). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We further find that the sentence imposed was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80). The defendant's remaining contentions are either unpreserved for appellate review or without merit. Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.