■ In the Matter of ROBERT R., a Person Alleged to be a Juvenile Delinquent, Appellant. [669 NYS2d 518] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Orange County (Kiedaisch, J.), entered December 16, 1996, which, upon a fact-finding order of the same court, entered November 15, 1996, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of burglary in the second degree and criminal trespass in the second degree, adjudged him to be a juvenile delinquent and placed him with the Orange County Commissioner of Social Services for a period of eighteen months. This appeal brings up for review the fact-finding order entered November 15, 1996.

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof which adjudicated the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crime of criminal trespass in the second degree, and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

Viewing the evidence in the light most favorable to the presentment agency and according it the benefit of every reasonable inference (*cf., People v Malizia*, 62 NY2d 755, *cert denied*

469 US 932; *see, Matter of William A.*, 219 AD2d 494), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. The credible evidence established that the appellant knowingly and unlawfully entered the complainant's apartment with intent to commit a crime therein. Moreover, upon the exercise of our factual review power, we are satisfied that the Family Court's fact-finding decision was not against the weight of the evidence (*cf.*, CPL 470.15 [5]; *People v Bleakley*, 69 NY2d 490, 495).

Nonetheless, criminal trespass in the second degree is a lesser-included offense of burglary in the second degree in this case (*cf., People v Coppola*, 154 AD2d 546). Accordingly, upon a finding of guilt as to the greater count (burglary in the second degree), the lesser count (criminal trespass in the second degree) should have been dismissed. Under the facts of this case, the dismissal of the lesser-included offense does not warrant changing the disposition (*cf.*, CPL 300.40 [3] [b]; *see, Matter of Tonia B.*, 239 AD2d 572; *Matter of Jamal M.*, 187 AD2d 654, 655). Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.