THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BROWN, Appellant. [828 NYS2d 551]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered November 7, 2002, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the evidence at trial showed that he did not enter the complainant's residence with the intent to commit a crime, but rather, with the intent to collect rent for the complainant's landlord. We disagree.

The complainant testified that the defendant forcibly entered the complainant's residence at approximately 6:12 A.M. without knocking or announcing himself, looked through the complainant's drawers, and grabbed a knapsack before discovering the complainant was in the room. Only at that point did he demand money for the rent. Although the complainant recognized the defendant as someone who tried to collect rent from him several

days earlier, he testified that between that day and the day of the break-in, he had spoken to his landlord and ascertained that the defendant did not work for the landlord and concluded that the defendant had been trying to "shake[him] down."

The complainant's testimony was substantially corroborated by a 911 emergency tape and the testimony of a police officer, who testified that when he responded to the complainant's 911 call, he observed that there was a lot of damage to the door, as if somebody tried to pry the door open, that the locks appeared to be broken, that dresser drawers were open, that it looked as if property had been taken out of the drawers and stacked on top of the dresser, and that the defendant was standing in the middle of the room. An intent to commit a crime can be inferred from these circumstances (*see People v Johnson*, 155 AD2d 555 [1989]; *People v Cozzetto*, 142 AD2d 684 [1988]; *People v Middleton*, 140 AD2d 550 [1988]; *People v Haile*, 128 AD2d 891 [1987]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Krausman, J.P., Florio, Lunn and Covello, JJ., concur.