People v Ratliff (2018 NY Slip Op 06769)





People v Ratliff


2018 NY Slip Op 06769


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-13280
 (Ind. No. 1263/14)

[*1]The People of the State of New York, respondent,
v
Daniel Ratliff, appellant.


Mark Diamond, New York, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Kevin C. King and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William J. O'Brien, J.), rendered November 22, 2016, convicting him of robbery in the second degree, assault in the second degree, assault in the third degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant was indicted on numerous charges related to his alleged robbery and assault of the complainant. Following a jury trial, the defendant was convicted of robbery in the second degree, assault in the second degree, assault in the third degree, and unlawful imprisonment in the second degree.
The defendant's contention that the evidence was legally insufficient to support his convictions because the complainant's testimony was incredible as a matter of law is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492). In any event, the complainant's testimony was neither internally inconsistent nor the source of all of the evidence of the defendant's guilt (see People v Hampton, 21 NY3d 277, 288). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The complainant's testimony was corroborated in crucial respects by surveillance videos and the evidence found at the crime scene (see People v Torres, 130 AD3d 1082, 1086; People v Brown, 36 AD3d 930, 931).
The defendant's contention that he was deprived of a fair trial because the Supreme Court allowed certain expert testimony without qualifying the witnesses as experts, and failed to instruct the jury on expert witness testimony, is unpreserved for appellate review (see CPL 470.05[2]). In any event, the contention is without merit. The witnesses' testimony concerning their qualifications and experience provided a sufficient foundation for their opinion testimony (see [*2]People v Prowse, 60 AD3d 703, 704). The court was not required to formally declare or certify the witnesses to be experts (see id. at 704; see also People v Legette, 96 AD3d 1078, 1079; People v West, 86 AD3d 583, 583; People v Jean-Laurent, 51 AD3d 818, 818-819; People v Wagner, 27 AD3d 671, 672; People v McNair, 26 AD3d 245, 246). Further, defense counsel's failure to preserve this issue did not constitute ineffective assistance of counsel (see People v Benevento, 91 NY2d 708, 712; People v Elder, 152 AD3d 787, 790).
The People correctly concede that the defendant's conviction of assault in the second degree under Penal Law § 120.05(6) must be vacated, and that count of the indictment dismissed, as the assault in the second degree count is an inclusory concurrent count of robbery in the second degree under Penal Law § 160.10(2)(a) (see CPL 300.30[4]; 300.40[3][b]; People v Miller, 6 NY3d 295, 302; People v Mitchell, 59 AD3d 739, 741).
In light of our determination, the defendant's remaining contentions have been rendered academic.
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court