People v Wearon (2018 NY Slip Op 08514)





People v Wearon


2018 NY Slip Op 08514


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-07438
 (Ind. No. 10111/14)

[*1]The People of the State of New York, respondent,
v
Anthony Wearon, also known as Anthony Wearen, appellant. Joseph A. Hanshe, Sayville, NY, for appellant.


Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered June 23, 2016, convicting him of burglary in the second degree and criminal mischief in the fourth degree, and imposing sentence.
ORDERED that the judgment is affirmed.
During the afternoon of July 8, 2014, the defendant was apprehended by police inside a home located in Floral Park. He was charged with burglary in the second degree, burglary in the third degree, and criminal mischief in the fourth degree. After a jury trial, the defendant was convicted of burglary in the second degree and criminal mischief in the fourth degree.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. "A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein" (Penal Law § 140.25), and "[t]he building is a dwelling" (Penal Law § 140.25 [2]). The building in which the defendant was apprehended was a dwelling, and he does not contend otherwise.
An intent to commit a crime can be inferred from the circumstances of the case (see People v Brown, 36 AD3d 930, 931). Here, the defendant's intent to commit a crime inside the dwelling could be inferred from a pillow case on a bedroom floor that either contained, or was in close proximity to, jewelry that had been removed from a jewelry box, as well as the defendant's admission that he intended to steal the jewelry for money to buy either clothes or heroin. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348; People v Romero, 7 NY3d 633).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court