■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBUR RILEY, Appellant.—Defendant appeals from a judgment of the County Court, Nassau County, rendered October 24, 1974, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Appellant's principal contention is his two-pronged attack, upon the constitutionality of the 1973 revision of article 220 of the Penal Law, which became effective September 1, 1973, pertaining to the unlawful sale and possession of controlled substances (narcotics). The increased penalties imposed for the unlawful sale and possession of the controlled substances do not constitute cruel and unusual punishment, violative of the Eighth Amendment of the Constitution of the United States and section 5 of article I of the New York State Constitution *(People v*

*Broadie,* 37 NY2d 100, 116–117). The other constitutional attack on the 1973 revision is the claim that it allegedly discriminates against unlawful sellers and possessors of "hard drugs", such as heroin and cocaine. The alleged discrimination is that the effect of the revision is to base the degree of the crime upon the "aggregate weight" of the controlled substance insofar as "hard drugs" are concerned, while basing the degree of the crime upon the "pure weight" of the controlled substance insofar as "soft drugs" are concerned. There are a number of good reasons why "aggregate weight" rather than "pure weight" forms a basis for the degree of the crime when "hard drugs" are involved. These include, *inter alia,* (1) the Legislature's estimation of the degree of danger of those substances, (2) the likelihood of their broad distribution and (3) the manner of their manufacture and distribution (see Hechtman, McKinney's Cons Laws of NY, Book 39, Supplementary Practice Commentary, Penal Law, art 220, pocket part, which discusses the legislative reasons for the weight bases utilized in the 1973 revision). We have considered the other points raised by appellant and find them to be without merit. Rabin, Acting P. J., Martuscello, Cohalan, Margett and Munder, JJ., concur.