OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Shortly after midnight on December 18, 1979, police arrested defendant as he fled from an auto supply store. He was charged with burglary in the third degree. At trial, the court denied defense counsel’s request that the jury be charged on the lesser included offense of criminal trespass in the third degree. The jury found defendant guilty of burglary. The Appellate Division reversed and ordered a new trial. Although the Appellate Division order stated that the reversal was based on the law and the facts, examination of that court’s decision indicates that the determination was based on the law alone.
 

 Trespass in the third degree is a lesser included offense of burglary in the third degree (see
 
 People v Henderson,
 
 41 NY2d 233, 235). Thus, the trespass count should have been charged if, under any reasonable view of the evidence, a jury could find that defendant committed the lesser offense but not the greater (see CPL 300.50, subds 1, 2; see, also,
 
 People v Scarborough,
 
 49 NY2d 364;
 
 People v Johnson,
 
 45 NY2d 546). In determining whether such a reasonable view exists, the evidence must be viewed in the light most favorable to defendant (see
 
 People v Shuman,
 
 37 NY2d 302).
 

 Defendant testified that he had been drinking steadily during the 12 hours before his arrest and did not remember being at the auto supply store. Several other defense wit
 
 *706
 
 nesses testified to defendant’s intoxicated condition on the evening before his arrest and immediately after his arrest. The jury could have found that defendant knowingly entered or remained unlawfully in the building — and thereby committed trespass in the third degree — while also concluding that defendant was too drunk to form the specific intent to commit a crime in the building, a prerequisite to a conviction for burglary. Therefore, it was error to have refused to submit the lesser included offense, along with the greater crime, to the jury.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
 

 Order affirmed in a memorandum.