■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. ENDERLE, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court at Trial Term (Ellison, J.), rendered May 21, 1984 in Chemung County, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

Defendant was indicted and charged with second degree burglary and petit larceny. At trial, the victim testified that when she returned to her apartment in the City of Elmira on January 27, 1984, the door was open and certain items of personal property, including jewelry and several blank checks from her checkbook, were missing. She also testified that defendant was a resident of the apartment building in which her apartment was located. After a brief investigation, officers of the Elmira Police Department questioned defendant about the incident. Defendant gave the officers a full confession to the burglary. Defendant testified in his own behalf and stated that he was on a two-day drinking binge on January 26 and 27, 1984, and, because of his intoxication, was unable to recall whether he had been in the victim's apartment on January 27. Defendant further testified that he had given a false confession to the police because the person who actually committed the burglary threatened defendant that he would harm defendant's younger sister if defendant did not confess.

At the conclusion of the proof, defendant requested the trial court to charge criminal trespass in the second degree as a lesser included offense of burglary in the second degree. The trial court refused and the jury found defendant guilty as charged. Defendant was sentenced, as a second felony offender, to an indeterminate prison term of 3 to 6 years and a jail term of one year, both terms to run concurrently. This appeal by defendant ensued.

Defendant contends that it was error for the trial court to deny his request to charge second degree criminal trespass as

a lesser included offense. Criminal trespass in the second degree is committed when a person "knowingly enters or remains unlawfully in a dwelling" (Penal Law § 140.15). Burglary in the second degree can be committed when a person "knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when * * * [t]he building is a dwelling" (Penal Law § 140.25 [2]). It is clear from the language of the statutes that criminal trespass in the second degree is a lesser included offense of burglary in the second degree. Thus, the trespass count should have been charged if, under any reasonable view of the evidence, a jury could find that defendant committed the lesser offense but not the greater (People v Martin, 59 NY2d 704, 705). In determining whether such a reasonable view exists, the evidence must be viewed in the light most favorable to defendant (id.).

In Martin, the issue was whether criminal trespass in the third degree should have been charged as a lesser included offense of burglary in the third degree* where, as here, the defendant testified that he was intoxicated at the time of the crime and did not remember being in the building. The reasoning was that defendant may have been too intoxicated to have formed an intent to commit a crime, yet still have been coherent enough to have knowingly and unlawfully entered the building. However, a crucial distinction exists between Martin and the instant case. In Martin, there was testimony from police officers who came upon the defendant while still in the building that his face was red, his eyes were bloodshot, his clothing was in disarray and he smelled of alcohol, but that he was otherwise coherent. Such testimony could reasonably support a trespass charge under the reasoning set forth above. In the instant case, the only testimony regarding intoxication was defendant's statement that he could not remember whether he had been in the victim's apartment. The jury could have (1) disbelieved defendant's testimony that he had been drinking, (2) believed defendant and found that his intoxication negated the requisite intent, or (3) believed that defendant had been drinking, but not enough to negate intent. However, to allow the jury to go further and find that defendant was too intoxicated to formulate a specific intent but still possessed the awareness to act knowingly, where the only evidence was defendant's testimony that he had been drinking heavily and could not recall having

---

* The third degree of criminal trespass and burglary was involved in Martin because, unlike the case at bar, the premises was not a "dwelling".

been in the victim's apartment, would be to improperly allow a verdict based on mere speculation (see, People v Discala, 45 NY2d 38, 43). Thus, the trial court properly refused to charge second degree criminal trespass as a lesser included offense.

As a final matter, we reject defendant's contention that he was denied the effective assistance of counsel. Viewing the record as a whole and taking into consideration the overwhelming evidence of guilt, it can hardly be said that defendant's trial counsel was ineffective.

Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.