■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMOND D. GRANT, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted of burglary in the third degree and grand larceny in the second degree for stealing seven cartons of baseball caps from a trailer atop a flatbed car in the Conrail yard in Niagara Falls. We agree with defendant's contention on appeal that the court erred in denying his

request to instruct the jury on trespass as a lesser included offense of burglary in the third degree.

Trespass is a lesser included offense of burglary in the third degree because it is theoretically impossible to commit burglary without concomitantly and by the same conduct committing trespass (Penal Law §§ 140.05, 140.20; *cf., People v Summer,* 64 AD2d 658). Therefore, the court was bound to charge trespass at defendant's request unless there was no reasonable view of the evidence that defendant was guilty of trespass but not of burglary *(People v Martin,* 59 NY2d 704, 705). There was a reasonable view of the evidence in this case that defendant committed trespass but not burglary. Defendant's testimony and statements to police upon his arrest were consistent in maintaining that he merely hopped over the flatbed car in taking a commonly used shortcut through the railroad yard while walking home from a friend's house. Defendant consistently denied that he or an accomplice entered the trailer or stole anything. Thus, while he admitted committing trespass, defendant denied those elements which distinguish burglary in the third degree from that lesser offense, i.e., entry of a building and intent to commit a crime therein *(see,* Penal Law §§ 140.05, 140.20).

The conviction for grand larceny in the second degree must be reversed along with the conviction for burglary. On this record, if defendant were convicted of trespass after retrial on only the burglary charge, that verdict would be inconsistent with the conviction for grand larceny. Since the indictment specifically charged defendant with stealing goods from an enclosed trailer, there would be no basis for the jury to conclude that defendant or his accomplice stole the goods but that they did not unlawfully enter the trailer. In order to obviate the risk of repugnant verdicts, we reverse the entire judgment and direct a retrial on both counts of the indictment. (Appeal from judgment of Niagara County Court, DiFlorio, J.—burglary, third degree, and grand larceny, second degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.