■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVENUS BAKER, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered January 5, 1987, upon a verdict convicting defendant of the crime of burglary in the first degree.

An altercation occurred at the entrance to the home of Ronald and Vanna Blair involving Mr. Blair and defendant's brother, Ronnie Baker (a codefendant), in the course of which Baker drew a knife, jammed it through the door window and declared he was going to cut Blair's throat. With that, and after calling to his brother to follow him, Baker attempted to make good on his threat.

Defendant and Baker, with knives drawn, then proceeded to the back of the house, ripped the door from its hinges, entered the house brandishing their knives and confronted the Blair family. While defendant looked on, Baker grabbed Mrs. Blair and held a knife to her face. Mr. Blair, however, had secured his shotgun and, as the pair approached him, he aimed at Baker, cocked the gun's hammer, and warned he would shoot. Though Baker invited him to do so, no shots were fired. Baker then announced "let's go", but defendant, with knife still in hand, declared "let's finish it". At that point Baker again urged they leave and the brothers departed through the broken door with Baker warning, "Don't think we're not coming back."

At trial defendant testified that he had shared three six-packs of beer with his brother prior to the events leading to his arrest. Due to claimed intoxication, he purportedly had no memory of what transpired; Baker did not testify. The jury found defendant guilty, as charged, of burglary in the first degree and he was sentenced as a second felony offender to an indeterminate term of 7 to 14 years in prison.

Of defendant's several arguments made on appeal, only his criticism of certain aspects of County Court's instructions to the jury warrant comment. Defendant contends that the charge with respect to the effect of intoxication on his intent to commit burglary was inadequate in that it failed to emphasize the dual elements of intent contained in the definition of burglary—the intent to enter or remain unlawfully in a dwelling and the intent to commit a crime therein, in this instance, assault. Initially the court's charge, objected to by defense counsel, was indeed incomplete, for although it included reference to the fact that it was possible that defendant may have been too drunk to intentionally enter or remain in the dwelling, it did not explain that defendant's intoxication also could have negated his intention to commit a crime within the dwelling (see, People v Martin, 59 NY2d 704). Apprised of this deficiency by defendant's counsel, the court gave additional instructions to the jury, which though not as elaborately clarifying as defense counsel wished, nevertheless sufficed to remedy the defect. As so supplemented, the charge, read in its entirety, made clear the two elements of intent necessary for the commission of burglary and that if the jury determined the People failed to prove any of the elements of burglary beyond a reasonable doubt, defendant was to be found not guilty.

Defendant also maintains that the charge regarding accessorial liability (Penal Law § 20.00) was flawed. The record discloses an incorrect statement of law in that County Court observed: "Before one can be found to be criminally liable for the conduct of the other, it must be proved that he possessed the requisite culpable mental state, that is, he intentionally entered or remained unlawfully in a dwelling, or knowingly intended to commit a crime therein, or that he solicited or requested or intentionally aided the other in the commission of the conduct alleged to constitute the crime of Burglary" (emphasis supplied). Defense counsel's request, which was limited to having the court replace the underscored word "or" with the word "and", was denied. We deem the

error harmless for it only constituted but one sentence in an otherwise proper charge on criminal liability for the conduct of another and, more importantly, because the testimony adduced at trial overwhelmingly supported a finding of defendant's guilt as a principal.

As for the propriety of County Court's refusal to grant defendant's request to charge menacing (Penal Law § 120.15), it is enough to note that parsed in the abstract menacing is not a lesser included offense of burglary in the first degree premised upon the use or threatened immediate use of a dangerous instrument.

Judgment affirmed. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Harvey, JJ., concur.