■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MARKIDIS, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: The trial court properly refused to charge the jury on the misdemeanor crime of leaving the scene of a motor vehicle accident as a lesser included offense of leaving the scene of a fatal motor vehicle accident as a felony (Vehicle and Traffic Law § 600 [2] [b]). To establish entitlement to a lesser included offense charge, defendant must show that in every circumstance it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense and that there is a reasonable view of the evidence in the particular case that would support a finding that defendant committed the lesser offense but not the greater *(People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427). In determining whether such a reasonable view exists, the evidence must be viewed in the light most favorable to defendant *(People v Martin,* 59 NY2d 704, 705).

Defendant satisfied the first prong of this test but not the second because the personal injury involved here resulted in death *(see,* Vehicle and Traffic Law § 600 [2] [b]). Consequently, a reasonable view of the evidence could not support a finding that defendant committed the misdemeanor of leaving the scene of a motor vehicle accident but not the felony of leaving the scene of a fatal motor vehicle accident. Thus, the court properly refused to charge the lesser offense.

Nor did the trial court abuse its discretion in its *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) permitting cross-examination of defendant for impeachment purposes about the underlying facts of a larceny for which defendant was adjudicated a youthful offender. We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County,

Doyle, J.—criminally negligent homicide.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.