■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER V. GOMEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered March 9, 1990, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance in the fourth degree beyond a reasonable doubt. A police officer testified that he observed the defendant, the only individual at the scene wearing a white sweatshirt, lean out a window and drop a tinfoil package which glanced off a gable and landed on a tree stump within a few feet of the police officer. The tinfoil package contained white powder, which the People's expert testified contained cocaine. The expert's testimony also showed that the aggregate weight of the white powder was .23 ounce.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We also find that the trial court did not err in denying defense counsel's request to charge criminal possession of a controlled substance in the seventh degree as a lesser-included offense of criminal possession of a controlled substance in the fourth degree. Viewed in a light most favorable to the defendant *(People v Martin,* 59 NY2d 704; *People v Henderson,* 41 NY2d 233), there was no reasonable view of the evidence which would support a finding that the defendant committed the lesser offense, but did not commit the greater offense *(cf., People v Green,* 56 NY2d 427). The defendant's contention that there was no evidence as to pure weight of the cocaine is meritless, since the statute defining criminal possession of a controlled substance in the fourth degree only requires proof of the aggregate weight of the mixture, compound, or preparation, rather than the "pure weight" of the controlled substance contained therein *(see, People v Daneff,* 30 NY2d 793, *cert denied* 410 US 913; *People v La Porta,* 56 AD2d 983; *People v Riley,* 50 AD2d 823).

Finally, we find that the sentence imposed was neither harsh nor excessive and we decline to reduce it in the exercise

of our interest of justice jurisdiction *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, Sullivan and Lawrence, JJ., concur.