■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY T. NIGRO, Appellant.—Judgment unanimously modified on the law and as modified affirmed and new trial granted on count one of indictment in accordance with the following Memorandum: Defendant contends that County Court in this nonjury trial erred in refusing to allow him to impeach one of the prosecution witnesses by way of a prior inconsistent statement. On direct examination the witness testified to material facts indicating that defendant was involved in a burglary of an apartment at 1960 Clinton Street, Buffalo, New York. On cross-examination, the witness admitted that, in a number of previous conversations with the police, she stated that she had no knowledge of the burglary and refused to implicate defendant. The witness also admitted to defense counsel that she went to the office of defendant's first attorney and told him that defendant was not involved in the burglary. During further cross-examination the witness recanted that testimony and stated that she never went to the attorney's office. Defendant in his case-in-chief called his first attorney, who was permitted to testify that someone identifying herself as that witness went to his office and was questioned there concerning the burglary and defendant's involvement. County Court, however, refused to permit defendant to place into evidence the substance of the alleged conversation between the witness and defendant's first attorney. There is no evidence in the record of the contents of the witness' prior statement.

Because the witness' credibility had already been impeached by the attorney's statement that she went to his office and talked to him regarding the incident and defendant's involvement, and because those statements would be cumulative to her statements to the police exonerating defendant and her initial testimony that she told defense counsel that defendant was not involved in the burglary, we find no abuse of discre-

tion in the court's refusal to permit defense counsel to inquire into the contents of the witness' alleged conversation with counsel (see, People v Duncan, 46 NY2d 74, 80, rearg denied 46 NY2d 940, cert denied 442 US 910; People v Auricchio, 141 AD2d 552, lv denied 72 NY2d 954).

Defendant further contends that County Court erred in refusing to consider criminal trespass in the second degree as a lesser included offense of burglary. Upon defendant's request, that lesser included offense must be considered, unless there is no reasonable view of the evidence that defendant was guilty of trespass, but not of burglary (see, People v Grant, 132 AD2d 929, 930, appeal denied 70 NY2d 750). Here, a number of witnesses testified that defendant had been drinking throughout the evening of the burglary and was in an intoxicated condition. That evidence, when viewed in the light most favorable to defendant (see, People v Shuman, 37 NY2d 302), was sufficient for the court to have found that defendant knowingly entered the apartment, thus committing trespass, while being too intoxicated to form the specific intent to commit a crime in the apartment (see, People v Martin, 59 NY2d 704, 705-706). County Court therefore erred in refusing to consider the lesser included offense of criminal trespass in the second degree (see, People v Martin, supra).

We reverse defendant's conviction of burglary in the second degree, vacate the sentence imposed thereon, and grant a new trial on count one of the indictment. Because our reversal of defendant's conviction of burglary in the second degree is not repugnant to his conviction of criminal possession of stolen property, we affirm that conviction (cf., People v Grant, supra, at 930).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Erie County Court, D'Amico, J.—Burglary, 2nd Degree.) Present— Denman, P. J., Pine, Lawton, Boehm and Davis, JJ.