■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN STEVENSON, Appellant. [594 NYS2d 282] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered May 7, 1991, convicting him of burglary in the second degree, criminal mischief in the third degree, criminal possession of stolen property in the fifth degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested for burglary inside the complainant's apartment, clutching a bag containing the complainant's jewelry. At the station house, after waiving his *Miranda* rights, the defendant told the police that he had smoked some "base", gone to the complainant's apartment, kicked in the door, and went through the drawers and found some jewelry, which he put in a bag along with a telephone. The defendant now contends that the trial court committed reversible error when it refused to charge the jury on criminal trespass as a lesser included offense, since the jury might reasonably have concluded that the defendant was too intoxicated to form the intent to commit a crime when he broke into the apartment, but not so intoxicated that he did not knowingly enter and remain unlawfully on the premises. We disagree.

Here, although the defendant said that he had smoked some "base" prior to breaking into the complainant's apartment, there was no evidence of the "nature or quantity [of the use of the intoxicant] to support the inference that [its] ingestion was sufficient to affect defendant's ability to form the necessary criminal intent" *(People v Rodriguez,* 76 NY2d 918, 920). To have allowed the jury to conclude that the defendant was too intoxicated to form the intent to commit a crime when he broke into the apartment, but not too intoxicated to knowingly enter and remain there unlawfully, would have been to allow the jury to come to a verdict based on mere speculation *(see, People v Discala,* 45 NY2d 38, 43; *People v Enderle,* 114 AD2d 693).

We have examined the defendant's remaining contentions

and find them to be without merit. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.