■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL LOGAN, Appellant. [604 NYS2d 147] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered May 8, 1991, convicting him of burglary in the first degree (two counts), unlawful imprisonment in the first degree, assault in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's convictions of burglary in the first degree (two counts), vacating the sentences imposed thereon, and remitting the matter for a new trial on those charges; as so modified, the judgment is affirmed.

On the morning of July 11, 1990, the defendant allegedly forced his way into the residence of his former girlfriend. Once inside the complainant's apartment, the defendant pushed her down the stairs and choked her, causing her to lose consciousness. At the trial, the defendant admitted that he assaulted the complainant, but claimed that he went to her residence only to talk to her, and did not force his way inside.

On appeal, the defendant contends that the trial court erred in refusing his request to charge trespass in the second degree as a lesser-included offense of burglary in the first degree. We agree. It is settled law that, upon the request of either party, a lesser included offense must be submitted to the jury if it

meets a two-pronged test establishing that (1) it is theoretically impossible to commit the greater crime without concomitantly committing, by the same conduct, the lesser crime, and (2) there is a reasonable view of the evidence that would support a finding that the defendant committed the lesser offense but not the greater *(see,* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61, 63). In making this determination, the court is required to view the evidence in the light most favorable to the defendant *(see, People v Martin,* 59 NY2d 704, 705; *People v Henderson,* 41 NY2d 233, 236). Only if the evidence excludes "every possible hypothesis but the higher crime" may the trial court refuse to submit to the jury a charge of a lesser-included offense *(see, People v Shuman,* 37 NY2d 302, 304).

At bar, it is undisputed that the first prong of the test has been met, since it is theoretically impossible to commit burglary without concomitantly and by the same conduct committing trespass *(see,* Penal Law §§ 140.15, 140.30; *People v Grant,* 132 AD2d 929; *see also, People v Nigro,* 187 AD2d 979). Furthermore, in light of the defendant's testimony that he sought entry to the complainant's residence to talk to her and did not force his way inside the apartment, there is a reasonable view of the evidence by which the jury could have concluded that the defendant did not enter the premises with the intent to commit a crime necessary to sustain a conviction for burglary in the first degree *(see,* Penal Law § 140.30; *see also, People v Land,* 131 AD2d 883; *People v Khan,* 101 AD2d 867). Under these circumstances, the lesser-included offense of trespass in the second degree should have been submitted to the jury.

However, we reject the defendant's contention that the trial court erred in refusing to charge unlawful imprisonment in the second degree as a lesser-included offense of unlawful imprisonment in the first degree. In order to be found guilty of the greater crime of unlawful imprisonment in the first degree, "it is only necessary that the one restrained be exposed to a risk of serious physical injury" *(People v Subik,* 112 AD2d 480, 481). Since the defendant's own testimony revealed that he pushed and choked the complainant, we find that under no reasonable view of the evidence could the jury have determined that the defendant restrained the complainant without also determining that he exposed her to a risk of serious physical injury *(see, People v Barnes,* 151 AD2d 586; *People v Szymczak,* 60 AD2d 663). Accordingly, the court properly declined to charge unlawful imprisonment in the

second degree as a lesser-included offense. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.