■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT DALEY, Appellant. [614 NYS2d 323] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered June 10, 1992, convicting him of murder in the second degree, attempted murder in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in refusing to charge manslaughter in the first degree as a lesser included offense of murder in the second degree. It is axiomatic that, in considering a request to charge a lesser included offense, the evidence should be viewed in the light most favorable to the defendant *(see, People v Martin,* 59 NY2d 704). In the present case, we cannot agree with the defendant that a reasonable view of the evidence supports a finding that he only intended to cause serious physical injury to, rather than the death of, one of his victims *(see,* CPL 300.50 [1]).

The imposition of consecutive sentences with respect to the convictions of murder in the second degree and attempted murder in the second degree was proper. Consecutive sen-

tences may be imposed for crimes committed by separate and disparate acts when neither act was a material element of the other *(see,* Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839, 843). In the present case, the defendant committed separate acts against the victims, and the attempted murder of one victim was not a material element of the murder of the other victim *(see, People v Sanbolin,* 133 AD2d 654). Mangano, P. J., Altman, Hart and Florio, JJ., concur.