■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONI DAVIS, Appellant. [662 NYS2d 323] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered July 12, 1995, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court erred in denying his request for submission of manslaughter in the second degree as a lesser-included offense of murder in the second degree is without merit. A defendant is entitled to a charge on a lesser-included offense if (1) it is theoretically impossible to commit the greater crime without, by the same conduct, committing the lesser crime, and (2) a reasonable view of the evidence would support a finding that the defendant committed the lesser offense and not the greater (see, People v Glover, 57 NY2d 61, 63). Although the first prong of the test was satisfied, the second one was not, in that no reasonable view of the evidence at trial would support a finding that the defendant acted other than intentionally. The defendant stabbed the victim seven times, and the fatal wound went seven inches deep down the left side of the victim's chest, puncturing his heart, lung, liver, and abdomen. Moreover, two pieces of a knife were recovered from two wounds on the victim's back. One piece was two inches long, the other one and one-half inches long. Viewing the evidence in the light most favorable to the defendant (see, People v Martin, 59 NY2d 704, 705), it does not support the conclusion that the defendant was merely reckless and did not intend to seriously injure the victim or cause his death. Bracken, J. P., Rosenblatt, Goldstein and Luciano, JJ., concur.