■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE L. MERCADO, Appellant. [742 NYS2d 744] —Appeal from a judgment of Wayne County Court (Parenti, J.), entered December 10, 1998, convicting defendant after a jury trial of, inter alia, burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court properly denied defendant's request to charge criminal trespass in the third degree (Penal Law § 140.10 [a]) as a lesser included offense of burglary in the third degree (§ 140.20) where, as here, there is no reasonable view of the evidence that defendant committed the lesser offense but not the greater (*see People v Glover,* 57 NY2d 61, 63). "[I]n order to be guilty of burglary for unlawful entry, a defendant must have had the intent to commit a crime at the time of entry" (*People v Gaines,* 74 NY2d 358, 363), which intent "may be inferred from the circumstances of the entry" (*id.* at 362 n 1; *see People v Barnes,* 50 NY2d 375, 381). We conclude that there is no reasonable view of the evidence, when viewed in the light most favorable to defendant, that he entered the building unlawfully but for an innocent purpose and developed the intent to commit a crime therein after his entry (*see People v Woolard,* 124 AD2d 763, 764, *lv denied* 69 NY2d 751). In addition, there is no reasonable view of the evidence that defendant was not too intoxicated to form the intent to break into the premises but was too intoxicated at that time to form the intent to commit a crime therein (*see People v Stevenson,* 191 AD2d 472, *lv denied* 81 NY2d 1081).

Contrary to the further contention of defendant, the court properly determined that he is a persistent felony offender (*see* Penal Law § 70.10 [1]) and sentenced him to an aggregate term of incarceration of 15 years to life (*see People v Turner,* 234 AD2d 704, 707; *see also People v Stauffer,* 247 AD2d 911, *lv denied* 92 NY2d 861). There was undisputed proof that defendant was convicted of five felonies and numerous other offenses

over a period of 15 years, and that his criminal behavior was related to his intractable alcoholism, which he failed to address despite many opportunities to do so. The court therefore properly determined that "the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law § 70.10 [2]). Present—Pigott, Jr., P.J., Hayes, Wisner, Hurlbutt and Gorski, JJ.