■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN J. MOORE, JR., Appellant. [821 NYS2d 536]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered April 25, 2003. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, sodomy in the first degree, assault in the second degree, menacing in the second degree and unlawful imprisonment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, rape in the first degree (Penal Law § 130.35 [1]), sodomy in the first degree (former § 130.50 [1]) and assault in the second degree (§ 120.05 [2]). Contrary to the contention of defendant, County Court properly denied his motion for a mistrial based on a juror's alleged inability to continue deliberating. The court conducted the requisite "reasonably thorough inquiry" with respect to the juror's health and properly determined that the juror could continue deliberating (CPL 270.35 [2] [a]). Also contrary to the contention of defendant, the court properly denied his motion for a mistrial based on prosecutorial misconduct. The court twice gave appropriate curative instructions to the jury concerning the prosecutor's attempts to introduce certain photographs in evidence and the comments made by the prosecutor on summation did not rise to the level of misconduct requiring reversal (*see generally People v Tidwell*, 207 AD2d 957 [1994], *lv denied* 84 NY2d 1039 [1995]). Furthermore, defendant was not denied a fair trial based on the cumulative effect of the prosecutor's alleged misconduct (*cf. People v Calabria*, 94 NY2d 519, 523 [2000]).

The court also properly denied that part of defendant's omnibus motion seeking to dismiss the indictment under CPL 30.30 because the decision to waive certain time periods was properly made in defendant's interests by defense counsel (*see People v Trepasso*, 197 AD2d 891 [1993], *lv denied* 82 NY2d 854 [1993]), and we further conclude that the court properly denied that part of defendant's motion seeking a severance (*see* CPL 200.20 [2] [b], [d]). The sentence is not unduly harsh or severe. Defendant failed to preserve his remaining contentions for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

All concur, Smith, J., not participating. Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.