# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

337

KA 11-01926

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

FELIX NOGUEL, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered May 31, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of assault in the second degree (Penal Law § 120.05 [2]), arising from an incident in which he struck a homeless panhandler in the head with a brick. Defendant contends that County Court should have discharged a sworn juror who disclosed at trial that he knew the victim from a homeless shelter at which the juror volunteered. As defendant correctly concedes, he waived that contention by agreeing with the prosecutor that the juror was not "grossly unqualified" to continue serving within the meaning of CPL 270.35 (1) (*see People v Hinton*, 302 AD2d 1008, 1008-1009, *lv denied* 100 NY2d 539).

We reject defendant's further contention that he was deprived of effective assistance of counsel based on, inter alia, defense counsel's failure to challenge the juror in question. Although the juror disclosed during voir dire that he volunteered at a homeless shelter, he did not realize that he knew the victim until he saw a photograph of him at trial. The juror promptly notified the court that he recognized the victim from the photograph and, during a subsequent in camera interview, he stated that he might have "sensitivity" to the victim, whom he had met "a number of times" at the homeless shelter. The juror unequivocally stated, however, that he could disregard what he knew about the victim and render a verdict based solely on the evidence at trial. The juror further stated without equivocation that he could follow the court's instructions to render a verdict free from sympathy to anyone. It is well settled

that defense counsel cannot be deemed ineffective for failing to "make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *see People v Caban*, 5 NY3d 143, 152).  Under the circumstances of this case, we conclude that a challenge to the fitness of the sworn juror in question would not have been successful.

Defendant's reliance on *People v Wlasiuk* (90 AD3d 1405) in support of his ineffective assistance of counsel contention is misplaced.  The juror in that case, a physician, failed to disclose during voir dire that he had been interviewed by the police during their investigation of the case, that he worked with the victim, that the defendant's children were his patients and that he knew of the defendant's reputation for subjecting the victim, his wife, to prior acts of violence (*id.* at 1408-1409).  Here, in contrast, the juror in question did not withhold any information during voir dire and did not know anything about the case before the trial commenced.  Further, the defense attorney in *Wlasiuk* made an additional error that the Third Department determined to have greatly prejudiced the defendant (*id.* at 1412-1413).  We cannot conclude that any of defendant's remaining complaints concerning defense counsel's performance have merit.

We note that defense counsel successfully moved to suppress defendant's inculpatory statement to the police, in which he admitted that he threw a brick at the victim and might have punched and kicked him as well.  Defense counsel also obtained an acquittal for defendant on the top count of the indictment, charging him with assault in the first degree (Penal Law § 120.10 [1]), a class B violent felony offense that carries a mandatory minimum determinate sentence of at least 5 years in prison and a maximum determinate sentence of 25 years in prison (§ 70.02 [1] [a]; [3] [a]).  Defendant was convicted of a lesser included felony offense and sentenced to only five months in jail and a term of probation.  When viewed as a whole, the record demonstrates that defense counsel provided meaningful representation (*see People v Martinez*, 73 AD3d 1432, 1433, *lv denied* 15 NY3d 807; *see generally People v Baldi*, 54 NY2d 137, 147).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Indeed, we conclude that an acquittal on the lesser included offense of assault in the second degree would have been unreasonable (*see People v Peters*, 90 AD3d 1507, 1508).  The victim was rendered unconscious by the assault and was taken by ambulance to the hospital, where it was determined that he suffered a right lateral orbital wall fracture, a subdural hematoma and a subarachnoid hemorrhage, as well as a left temporal bone transverse fracture.  Contrary to defendant's contention, those injuries rise to the level of physical injury (*see* Penal Law § 10.00 [9]).  We further note that a witness to the assault testified that he observed defendant strike the victim with a brick, and the police found a brick a few feet from the victim's head shortly after defendant fled the scene.  In any event, even assuming, arguendo, that an acquittal on assault in the second degree would not

have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see People v Smith*, 46 AD3d 1458, 1458-1459, *lv denied* 10 NY3d 817; *see generally Bleakley*, 69 NY2d at 495).

Finally, although the prosecutor made several improper remarks during his summation, we conclude that the potential prejudice arising from those remarks was alleviated by the court's curative instruction (*see People v Perrington*, 89 AD3d 529, 530; *People v Moore*, 32 AD3d 1354, 1354, *lv denied* 8 NY3d 847, 9 NY3d 848).  In any event, they were not so egregious as to deprive defendant of his fundamental right to a fair trial (*see People v Hatten*, 28 AD3d 1247, 1248, *lv denied* 7 NY3d 813).

Entered:  March 23, 2012                   Frances E. Cafarell
                                          Clerk of the Court