# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**617**

**KA 11-02461**

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

THEODORE PRICE, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 1, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by judicial misconduct (*see People v Brown*, 120 AD3d 1545, 1545-1546, *lv denied* 24 NY3d 1082), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant contends that he was denied effective assistance of counsel at sentencing because defense counsel withdrew a challenge to defendant's adjudication as a persistent felony offender. We reject that contention inasmuch as the challenge would have had " 'little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702). Contrary to defendant's further contention that defense counsel was ineffective for failing to argue against the imposition of the maximum sentence, we conclude that, "given the nature of defendant's criminal record and the criminal conduct herein, . . . no statement made by defense counsel at sentencing 'would have had an impact on the sentence imposed' " (*People v Saladeen*, 12 AD3d 1179, 1180, *lv denied* 4 NY3d 767).

Defendant "failed to preserve for our review his . . . contention

that the sentence imposed was a vindictive punishment for rejecting the plea offer and proceeding to trial" (*People v Brown*, 111 AD3d 1385, 1387, *lv denied* 22 NY3d 1155; *see People v Hurley*, 75 NY2d 887, 888). In any event, that contention is without merit. "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his [or her] right to trial" (*People v Spencer*, 108 AD3d 1081, 1083, *lv denied* 22 NY3d 1159 [internal quotation marks omitted]). Finally, we reject defendant's contention that his sentence is unduly harsh and severe.

Entered: June 12, 2015                                        Frances E. Cafarell
                                                             Clerk of the Court