People v Dean (2019 NY Slip Op 00765)





People v Dean


2019 NY Slip Op 00765


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND NEMOYER, JJ.


1214 KA 16-01905

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES C. DEAN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered September 21, 2016. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (SORA) (Correction Law § 168 et seq.) after a conviction of, inter alia, four counts of sodomy in the first degree. Defendant contends that he was denied a fair SORA hearing because Supreme Court failed to consider medical records, which allegedly cast doubt upon his guilt of the underlying crimes, as evidence of a mitigating factor warranting a downward departure to a level two risk. Even assuming, arguendo, that defendant preserved his contention for our review (see generally People v Quigley, 163 AD3d 1463, 1463 [4th Dept 2018]), we conclude that it lacks merit. The record demonstrates that the court considered the relevant medical records and concluded that they did not cast doubt upon his guilt. Moreover, "[f]acts previously proven at trial or elicited at the time of entry of a plea of guilty shall be deemed established by clear and convincing evidence and shall not be relitigated" at a SORA hearing (Correction Law § 168-n [3]; see People v Law, 94 AD3d 1561, 1562 [4th Dept 2012], lv denied 19 NY3d 809 [2012]). Thus, defendant was precluded from using the medical records to establish at the SORA hearing his claim of innocence inasmuch as his guilt had been proven at trial.
Contrary to defendant's further contention, we conclude that defense counsel was not ineffective in purportedly failing to request that the court consider the medical records in support of his application for a downward departure because such a request had
" little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]; see People v Price, 129 AD3d 1484, 1484-1485 [4th Dept 2015], lv denied 26 NY3d 970 [2015]).
We agree with defendant, however, that the court failed to comply with Correction Law § 168-n (3), requiring the court to set forth the findings of fact and conclusions of law upon which it based its determination (see People v Flax, 71 AD3d 1451, 1451-1452 [4th Dept 2010]). Although the court provided a list of the risk factors for which defendant was assessed points and held that defendant failed to rebut the presumption that he is a level three risk, the court did not provide the findings of fact or conclusions of law supporting its denial of defendant's request for a downward departure. We therefore hold the case, reserve decision, and remit the matter to Supreme Court for compliance with Correction Law § 168-n (3) (see People v Long, 81 AD3d 1432, 1433 [4th Dept 2011]; People v Cullen, 53 AD3d 1105, 1106 [4th Dept 2008]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court