People v Tohafijian (2023 NY Slip Op 02411)

People v Tohafijian

2023 NY Slip Op 02411

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

116 KA 20-00600

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EMERSON TOHAFIJIAN, DEFENDANT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
MARK S. SINKIEWICZ, DISTRICT ATTORNEY, WATERLOO (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Seneca County Court (Richard M. Healy, A.J.), rendered February 15, 2019. The judgment convicted defendant upon a jury verdict of, inter alia, murder in the first degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, four counts of murder in the first degree (Penal Law § 125.27 [1] [a] [v], [vii], [viii]; [b]). Defendant's conviction arises from a double homicide where he allegedly shot and killed his former girlfriend, who had recently accused him of rape, as well as another individual who was merely present at the time defendant shot and killed the former girlfriend. Defendant also allegedly shot and injured a third individual during the same encounter. We affirm.
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Indeed, there were two witnesses who identified defendant as the shooter, both of whom had known him for years. The identification testimony was corroborated by cell phone data and surveillance videos, which confirmed that defendant was present at the crime scene at the time of the double homicide. In addition, other, largely uncontroverted, witness testimony established that defendant obtained a rifle on the day of the murders, and that he had previously expressed his desire to kill his former girlfriend and to commit suicide thereafter. Even assuming, arguendo, that an acquittal would not have been unreasonable, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (id.). To the extent that there were "inconsistencies in [witness] testimony, [those inconsistencies] were properly considered by the jury[,] and there is no basis for disturbing its determinations" (People v Cirino, 203 AD3d 1661, 1663 [4th Dept 2022], lv denied 38 NY3d 1132 [2022] [internal quotation marks omitted]; see People v Thomas, 176 AD3d 1639, 1640-1641 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]).
Defendant also contends that he was denied effective assistance of counsel based on a series of alleged errors by his two trial attorneys. We reject that contention. With respect to defendant's assertion that defense counsel were ineffective for failing to request that County Court instruct the jury on murder in the second degree as a lesser included offense, "[i]t is well settled that '[a] defendant is not denied effective assistance of trial counsel [where defense] counsel does not make a[n] . . . argument that has little or no chance of success' " (People v March, 89 AD3d 1496, 1497 [4th Dept 2011], lv denied 18 NY3d 926 [2012], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]; see People v Bubis, 204 AD3d 1492, 1494 [4th Dept 2022], lv denied 38 NY3d 1149 [2022]). Here, viewing the evidence in the light most favorable to defendant (see People v Martin, 59 NY2d 704, 705 [1983]), we conclude that there is no reasonable view thereof to support a finding that defendant [*2]committed the lesser offense but not the greater (see generally CPL 300.50 [1]; People v Glover, 57 NY2d 61, 63-64 [1982]).
Defendant also contends that defense counsel were ineffective to the extent that they failed to oppose the court's instruction to the jury regarding defendant's suicide attempt and whether that conduct demonstrated his consciousness of guilt. During the People's direct case, defense counsel unsuccessfully objected to the introduction of evidence of the suicide attempt on the ground that defendant's conduct could have had an innocent explanation, and the court's jury instruction on consciousness of guilt included a directive to consider whether defendant's conduct had an innocent explanation (see generally CJI2d[NY] Consciousness of Guilt). Thus, in light of the fact that the evidence had already been admitted over their objection, defense counsel had a legitimate strategic reason for not objecting to the instruction because it reiterated their point that there could have been an innocent explanation for defendant's attempted suicide (see generally People v Benevento, 91 NY2d 708, 711-712 [1998]).
We also reject defendant's contention that defense counsel were ineffective by proceeding to sentencing without first reviewing the presentence report. Any argument for a more lenient sentence based on the contents of that report had little or no chance of success given the particularly heinous underlying facts of this case (see People v Defilippis, 210 AD3d 1004, 1005 [2d Dept 2022], lv denied 39 NY3d 1078 [2023]; see also People v Rodriguez, 199 AD3d 1458, 1459 [4th Dept 2021], lv denied 37 NY3d 1164 [2022]). In any event, the failure of defense counsel to review the presentence report here did not amount to ineffective assistance because they made a strategic choice to focus on defendant's CPL 330.30 motion, rather than to make any futile arguments about the length of the sentence (see generally Benevento, 91 NY2d at 711-712).
With respect to defendant's remaining allegations of ineffective assistance of counsel, we conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant failed to preserve his challenge to the venue of the trial inasmuch as he failed to renew his motion for a change of venue during jury selection (see People v Hardy, 38 AD3d 1169, 1170 [4th Dept 2007], lv denied 9 NY3d 865 [2007]; People v Bosket, 216 AD2d 791, 793 n 2 [3d Dept 1995]; see generally People v Parker, 60 NY2d 714, 715 [1983]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant contends that he was denied a fair trial by prosecutorial misconduct. Defendant failed to preserve his contention to the extent that he alleges that the prosecutor improperly used evidence after promising not to do so, and that the prosecutor improperly vouched for the credibility of certain witnesses (see CPL 470.05 [2]; People v Miller, 204 AD3d 1438, 1438 [4th Dept 2022]; People v Atkinson, 185 AD3d 1447, 1448 [4th Dept 2020], lv denied 35 NY3d 1111 [2020]). We decline to exercise our power to review defendant's contention with respect to those instances as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Additionally, defendant's contention that the prosecutor improperly failed to disclose that the People had a cooperation agreement with a witness is not properly before us because that contention involves matters outside the record and therefore must be raised by a motion pursuant to CPL article 440 (see People v Brooks, 139 AD3d 1391, 1394 [4th Dept 2016], lv denied 28 NY3d 1026 [2016]).
With respect to the instances of alleged prosecutorial misconduct that are preserved for our review, we conclude that they are without merit. Defendant's contention that the prosecutor improperly introduced certain irrelevant evidence at trial is without merit inasmuch as the challenged evidence—all of which pertained to defendant's suicide attempt—was relevant to establish defendant's consciousness of guilt (see generally People v Matthews, 142 AD3d 1354, 1356 [4th Dept 2016], lv denied 28 NY3d 1125 [2016]). We also conclude that it was not improper for the prosecutor to have an employee from his office assist the surviving victim in displaying her gunshot wounds to the jury inasmuch as the victim is partially paralyzed and required assistance. Defendant does not contend that it was improper for the victim to display her wounds to the jury and does not offer an alternative means by which she could do so in light [*3]of her partial paralysis. In any event, the court alleviated any potential undue prejudice through its instruction to the jury to resist rendering a verdict based on, inter alia, sympathy (see generally People v Moore, 32 AD3d 1354, 1354 [4th Dept 2006], lv denied 8 NY3d 847 [2007], reconsideration denied 9 NY3d 848 [2007]).
Defendant failed to preserve for our review his contention that he was deprived of a fair trial by judicial misconduct (see People v Price, 129 AD3d 1484, 1484 [4th Dept 2015], lv denied 26 NY3d 970 [2015]; People v Brown, 120 AD3d 1545, 1545-1546 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We have reviewed defendant's remaining contention and conclude that it does not warrant reversal or modification of the judgment.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court