People v Mitchell (2026 NY Slip Op 01886)

People v Mitchell

2026 NY Slip Op 01886

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, SMITH, AND DELCONTE,
JJ.

141 KA 25-00087

[*1]THE PEOPLE OF THE STATE OF NEW YORK,
RESPONDENT,
vJASON MITCHELL, DEFENDANT-APPELLANT. 

THE LAW OFFICES OF MATTHEW ALBERT, DARIEN CENTER (MATTHEW
ALBERT OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MICHAEL J.
HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Deborah A.
Haendiges, J.), rendered September 3, 2024. The judgment convicted defendant upon a
jury verdict of burglary in the first degree (two counts), criminal contempt in the first
degree (two counts), criminal contempt in the second degree (three counts) and
endangering the welfare of a child (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously
affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury
verdict of, inter alia, two counts of burglary in the first degree (Penal Law § 140.30
[2], [3]), arising out of an incident in which defendant, in violation of a stay-away order
of protection, cut off the power to his wife's residence, broke into the residence using a
sledgehammer and, during the course of the break-in, caused his wife to sustain physical
injury. We affirm.
Defendant contends that he was deprived of a fair trial because Supreme Court made
a predetermination concerning defendant's guilt, which purportedly tainted subsequent
evidentiary determinations with respect to the trial. Defendant's contention that he was
denied a fair trial by the court's alleged misconduct is unpreserved for our review (see People v Tohafijian, 216
AD3d 1410, 1413 [4th Dept 2023], lv denied 40 NY3d 937 [2023]; People v Price, 129 AD3d
1484, 1484 [4th Dept 2015], lv denied 26 NY3d 970 [2015]; see
generally CPL 470.05 [2]). We decline to exercise our power to review that
contention as a matter of discretion in the interest of justice (see CPL 470.15 [6]
[a]).
Although defendant preserved his specific challenges to the court's evidentiary
rulings (see generally CPL 470.05 [2]), we conclude that none of those challenges
warrants modification or reversal of the judgment. Contrary to defendant's contention, the
court did not abuse its discretion in precluding defendant from cross-examining his wife
about an alleged extramarital affair inasmuch as defendant's proposed cross-examination
of his wife on that topic "was too speculative to establish a motive for fabrication" (People v Poole, 55 AD3d
1349, 1350 [4th Dept 2008], lv denied 11 NY3d 929 [2009]; see People v Hamm, 96 AD3d
1482, 1483 [4th Dept 2012], affd 21 NY3d 708 [2013]; see generally
People v Carroll, 95 NY2d 375, 385 [2000]). Similarly, we conclude that the court
did not abuse its discretion in precluding defendant from offering evidence about his
military training and experience for purposes of establishing that, during the alleged
burglary, he could have harmed the occupants of his wife's house had he really wanted to
do so; that evidence was irrelevant (see generally Carroll, 95 NY2d at 385). We
further conclude that any error in limiting defendant's use of that evidence was harmless
(see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant further contends that the court erred in precluding him from cross-
examining one of the People's witnesses about a prior inconsistent statement. Even
assuming, arguendo, [*2]that the court erred in limiting
defendant's cross-examination of that witness (see People v Bishop, 206 AD2d
884, 885 [4th Dept 1994], lv denied 84 NY2d 933 [1994]; see generally
People v Savage, 50 NY2d 673, 679 [1980], cert denied 449 US 1016
[1980]), we conclude that any such error was harmless inasmuch as "the evidence of
defendant's guilt is overwhelming, and there is no significant probability that defendant
otherwise would have been acquitted" (People v Robinson, 111 AD3d 1358, 1359 [4th Dept 2013],
lv denied 22 NY3d 1141 [2014] [internal quotation marks omitted]; see
generally Crimmins, 36 NY2d at 241-242).
We reject defendant's contention that the court erred in precluding him from
presenting a psychiatric defense at trial. Defendant did not move for permission to file a
late notice of his intent to introduce psychiatric evidence until about a week before trial,
which—as defendant correctly concedes—was well after the 30-day
statutory deadline for filing a notice of intention to present such evidence (see
CPL 250.10 [2]). We conclude that the court did not abuse its discretion in
denying defendant's request based on its determination that defendant failed to show good
cause to allow the late filing (see id.; People v Sidbury, 42 NY3d 497, 507 [2024]; People v Silburn, 31 NY3d
144, 160 [2018]; People v Berk, 88 NY2d 257, 265-266 [1996], cert
denied 519 US 859 [1996]). In making its determination, the court properly balanced
the prejudice to the People against defendant's constitutional right to present a defense
(see Sidbury, 42 NY3d at 508; Berk, 88 NY2d at 266), particularly in
light of the prejudice that the People would have sustained given that the matter was to
proceed to trial within a week. Indeed, we note that defendant had several years in which
to serve a CPL 250.10 notice, yet failed to do so until the eve of trial. Moreover,
inasmuch as defendant was initially evaluated by several mental health providers who
determined that he was competent to stand trial, it cannot be said that the People were
aware that defendant's mental health would be an issue in this case (cf. People v Gracius, 6 AD3d
222, 225 [1st Dept 2004], lv denied 2 NY3d 800 [2004]). We further note
that, although the court did not permit defendant to introduce psychiatric evidence, it did
allow him, in presenting his defense, to testify about his feelings on the date of the
underlying offenses and to explain his conduct.
Defendant further contends that the court erred in denying his request to charge
criminal trespass in the second degree as a lesser included offense of burglary in the first
degree. We reject that contention. To establish entitlement to a charge on a lesser
included offense, "a defendant must show both that the greater crime cannot be
committed without having concomitantly committed the lesser by the same conduct, and
that a reasonable view of the evidence supports a finding that [the defendant] committed
the lesser, but not the greater, offense" (People v James, 11 NY3d 886, 888 [2008]; see People v
Van Norstrand, 85 NY2d 131, 135 [1995]; People v Glover, 57 NY2d 61, 63
[1982]; see also CPL 1.20 [37]; 300.50 [1]). Although there is no dispute that
criminal trespass in the second degree (Penal Law § 140.15 [1]) is a lesser included
offense of burglary in the first degree (§ 140.30) (see People v Logan, 198
AD2d 439, 440 [2d Dept 1993]; see also People v Lugo, 87 AD3d 1403, 1404 [4th Dept
2011], lv denied 18 NY3d 860 [2011]; see generally People v Green, 56
NY2d 427, 430-431 [1982], rearg denied 57 NY2d 775 [1982]), the court
properly refused to charge the requested lesser included offense inasmuch as no
reasonable view of the evidence would support a finding that defendant committed the
lesser but not the greater offense.
"In assessing whether there is a 'reasonable view of the evidence,' the proof must be
looked at 'in the light most favorable to [the] defendant' " (People v Rivera, 23 NY3d
112, 120-121 [2014], quoting People v Martin, 59 NY2d 704, 705 [1983]).
The "inquiry is not directed at whether persuasive evidence of guilt of the greater crime
exists . . . but whether, under any reasonable view of the evidence, it is possible for the
trier of fact[ ] to acquit [the] defendant on the higher count and still find [the defendant]
guilty of the lesser one" (Van Norstrand, 85 NY2d at 136; see People v Hull, 27 NY3d
1056, 1058 [2016]). Under that standard, "when an instruction on a lesser-included
offense would direct the jury to resort to sheer speculation, it should not be given"
(People v Butler, 84 NY2d 627, 632 [1994], rearg denied 85 NY2d 858
[1995] [internal quotation marks omitted]).
Here, viewing the evidence at trial in the light most favorable to defendant (see
Rivera, 23 NY3d 120-121), we conclude that there is no reasonable view of the
evidence that defendant had a noncriminal purpose when he entered his wife's residence
inasmuch as he had just jumped the fence to the residence's backyard, cut the power to the
residence, and used a sledgehammer to repeatedly pound on the residence's steel door
until it caved in, allowing him to enter (see People [*3]v Haynes, 177
AD3d 1194, 1198 [3d Dept 2019], lv denied 34 NY3d 1128 [2020]; People v Sterina, 108 AD3d
1088, 1089 [4th Dept 2013]; cf. Logan, 198 AD2d at 440). Further, to the
extent defendant asserts that his lack of criminal purpose in entering the residence was
demonstrated by evidence that, upon entering, he essentially surrendered and did not try
to force his way further into the home, we note the undisputed evidence that defendant
stopped only because his father-in-law hit him on the head with a pipe and because he
knew the police were on their way. In other words, there is no reasonable view of the
evidence that, in this case, defendant "entered the [dwelling] unlawfully but for an
innocent purpose" and, to the extent that he committed any crime inside, that he
"developed the intent to commit a crime therein [only] after his entry" (People v Lynch, 191 AD3d
1476, 1477 [4th Dept 2021], lv denied 37 NY3d 958 [2021] [internal
quotation marks omitted]; see People v Mercado, 294 AD2d 805, 805 [4th Dept
2002], lv denied 98 NY2d 731 [2002]).
Finally, the sentence is not unduly harsh or severe.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court