THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KENNETH CAMACHO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered October 9, 1984, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and a codefendant, Ira Rosenzweig, were charged with burglarizing a residence in Amityville, New York. Rosenzweig was apprehended as he ran from the front door of the residence and the defendant was arrested shortly thereafter when he was found hiding in a neighbor's enclosed porch. At trial Rosenzweig, who pleaded guilty to breaking into the home through a basement window and ransacking the upstairs bedrooms, testified that the defendant had not entered the home with him and had merely driven him to the victim's home so that he (Rosenzweig) could retrieve some property that the victim's son had allegedly stolen from him three years prior thereto. This exculpatory story, which was also proffered by the defendant, was contrary to the testimony given by a police officer who stated that he clearly witnessed the defendant for 4 to 5 seconds attempting to flee from the rear porch of the burglarized home and then reentering the home when he saw the officer.

Pursuant to CPL 300.50 (1) a court in its discretion may submit a lesser included offense if a reasonable view of the evidence would support a finding that the defendant committed such lesser offense, but did not commit the greater. It may not submit a lesser included offense if no reasonable view of the evidence would support such a finding (see, *People v Scarborough*, 49 NY2d 364). Under the two-pronged test enunciated in *People v Glover* (57 NY2d 61), the defendant must show first that the greater offense could not be committed without the lesser offense also being committed and second, that the jury would be warranted in finding that the defendant committed the lesser offense but not the greater.

The trial court properly refused to grant the defendant's request to charge criminal trespass in the third degree even though it is a lesser included offense of burglary in the second degree because under no reasonable view of the evidence could

the jury have concluded that the defendant committed the lesser offense and not the greater. The evidence presented by the defendant at trial (that he never entered the premises) is inconsistent with his position that the jury could have found him guilty of criminal trespass and acquitted him on the burglary charge. As both crimes require an unlawful entry there is no rational basis upon which the jury could have rejected a portion of the prosecution's case indispensable to establish the higher crime of burglary and yet accept so much of the proof necessary to establish the lesser crime of criminal trespass *(see, People v Blim,* 63 NY2d 718, *on remand* 105 AD2d 1012; *People v Woolard,* 124 AD2d 763, *lv denied* 69 NY2d 751; *People v Stubbs,* 121 AD2d 412, *lv denied* 68 NY2d 774).

Viewing the evidence in the light most favorable to the People, we find that the evidence was sufficient as a matter of law to support the defendant's conviction *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, an examination of the charge in its entirety indicates that the concepts of reasonable doubt, burden of proof and presumption of innocence were properly explained to the jury *(see, People v Cruz,* 97 AD2d 518; *People v Ortiz,* 92 AD2d 595). Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.