■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW PURYEAR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered March 24, 1983, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The court's *Sandoval* ruling that the People might conduct limited inquiry as to two of the defendant's prior crimes to impeach his credibility was not improper *(see, People v Pollock,* 50 NY2d 547; *People v Rahman,* 46 NY2d 882; *People v Sandoval,* 34 NY2d 371; *People v Gill,* 138 AD2d 738; *People v Scott,* 118 AD2d 881).

Pursuant to CPL 300.50 (1) and (2), a court may, in its

discretion, and, if requested, must submit a lesser included offense if a reasonable view of the evidence would support a finding that the defendant committed the lesser offense and not the greater. It may not submit a lesser included offense if no reasonable view of the evidence would support such a finding *(see, People v Scarborough,* 49 NY2d 364). Under the two-pronged test enunciated in *People v Glover* (57 NY2d 61), the defendant must show first, that the greater offense could not be committed without the lesser offense also being committed, and, second, that the jury would be warranted in finding that the defendant committed the lesser offense and not the greater. While criminal trespass in the second degree is a lesser included offense of burglary in the second degree, the defendant has failed to show that a reasonable view of the evidence could support a finding that he committed the crime of trespass and not burglary. Even viewing the evidence in the light most favorable to the defendant *(see, People v Discala,* 45 NY2d 38), it was undisputed that the complainant's apartment, which was the only apartment on the first floor and which he had left only for a few minutes, had been ransacked, that the molding had recently been broken on the second vestibule door and that there were marks on the lock on the complainant's apartment door. These facts show that no reasonable view of the evidence would support a jury finding that the defendant was unlawfully on the premises without the intent to commit a crime therein even if his self-serving statement that he was in the apartment visiting a friend were accepted by the jury *(see, People v Blim,* 63 NY2d 718; *People v Evans,* 135 AD2d 648; *People v Camacho,* 134 AD2d 441; *People v Woolard,* 124 AD2d 763; *People v Stubbs,* 121 AD2d 412).

We find that the sentence imposed was neither harsh nor excessive and that the defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, J. P., Thompson, Spatt and Rosenblatt, JJ., concur.