■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PINCHBECK, Appellant. [619 NYS2d 659] —Appeal by the defendant from a judgment of the County Court, Putnam County (Sweeny, J.), rendered November 30, 1993, convicting him of burglary in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly refused to charge the lesser-included offense of criminal trespass in the third degree since there was no rational basis for the jury to acquit the defendant of the burglary charge but convict him of criminal trespass *(see, People v Camacho,* 134 AD2d 441).

The defendant's challenge to the trial court's failure to give a jury charge on intoxication is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, the defendant's claim is without merit. Viewing the evidence in the light most favorable to the defendant *(see, People v Farnsworth,* 65 NY2d 734), there was insufficient evidence of the defendant's intoxication for a reasonable person to have entertained a doubt as to the defendant's ability to form an intent *(see, People v Gaines,* 83 NY2d 925; *People v Perry,* 61 NY2d 849).

Finally, it is clear from the trial court's language that it intended to sentence the defendant to the maximum sentence of one year for the criminal mischief conviction, to run

concurrently with the indeterminate 2-⅓ to 7-year sentence imposed for the burglary conviction *(see,* CPL 145.00). This was a separate and distinct pronouncement, complying with CPL 380.20. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.