■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEJANDRO LOPEZ, Appellant. [682 NYS2d 127] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered December 13, 1988, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree and conspiracy in the second degree, and sentencing him to consecutive terms of 25 years to life and 8⅓ to 25 years, respectively, and imposing a $3 million fine, unanimously affirmed.

The court properly admitted limited evidence of threats to a detective's safety and the murder of an informant, since the defense opened the door on this matter by attempting to show that the detective had a personal bias against defendant (*People v Greenhagen*, 78 AD2d 964, *lv denied* 52 NY2d 833), and by opening the door even further on re-cross-examination. The degree of detail elicited by the People was a fair response to the nature of defendant's impeachment of the detective. We note that the jury was instructed that such uncharged criminal activity was not to be imputed to defendant, but was only to be used to establish the detective's state of mind.

Defendant's contention that investigating officers were improperly permitted to give expert testimony that defendant was the "principal" or "boss" of the cocaine organization is not preserved for appellate review, and we decline to review it in the interest of justice. Were we to review the claim, we would find that the officers' responses were not given in the form of an opinion based on expertise, and did not, in any event, usurp the jury's function, which was to determine guilt or innocence on the charges of conspiracy and drug possession.

The prosecutor's summation was a proper response to defendant's counsel's opening and summation remarks.

We perceive no abuse of sentencing discretion and find that the sentence was not based on any improper criteria.

We adhere to our prior motion decisions rejecting defendant's claims regarding transcription of minutes.

We have considered defendant's remaining contention and find it to be without merit. Concur—Milonas, J. P., Ellerin, Rubin, Tom and Saxe, JJ.