■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EWAN MOYSTON, Appellant. [728 NYS2d 393] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered December 8, 1999, convicting him of attempted murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree, and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that certain comments made by the prosecutor during summation constituted reversible error are, for the most part, unpreserved for appellate review (*see, People v Bynum,* 70 NY2d 858, 859; *People v Medina,* 53 NY2d 951) and, in any event, without merit (*see, People v Galloway,* 54 NY2d 396, 399; *People v Harris,* 209 AD2d 432).

Contrary to the contentions raised by the defendant in his supplemental *pro se* brief, he received the effective assistance of counsel (*see, People v Sinclair,* 266 AD2d 482).

The defendant's remaining contention does not require reversal. O'Brien, J. P., Krausman, Smith and Adams, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER NONIASHVILI, Appellant. [728 NYS2d 392] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered September 22, 1999, convicting him of burglary in the first degree, assault in the second degree, aggravated criminal contempt, and criminal contempt in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People's case rested solely on the theory that he had unlawfully entered into a dwelling, and that it was therefore reversible error for the Supreme Court to charge the jury on the portion of Penal Law § 140.30 which imposes liability for "remain[ing] unlawfully" there (*see, People v Gaines,* 74 NY2d 358). This contention is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Lipton,* 54 NY2d 340; *People v Lafond,* 213 AD2d 678) and, in any event, is without merit.

The defendant's remaining contentions are either without merit or do not require reversal. Krausman, J. P., McGinity, Schmidt and Adams, JJ., concur.