■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CYNTHIA MENDEZ, Appellant. [860 NYS2d 118]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered July 19, 2006, convicting her of burglary in the second degree, assault in the second degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support her conviction of assault in the second degree is unpreserved for appellate review (*see* CPL 470.05; *People v Finger,* 95 NY2d 894, 895 [2000]; *People v Gray,* 86 NY2d 10, 19 [1995]; *People v Soto,* 8 AD3d 683, 684 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to support the conviction.

Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court correctly declined to submit to the jury the charge of criminal trespass in the second degree as a lesser-included offense of burglary in the second degree, since there was no reasonable view of the evidence that the defendant committed the lesser offense without having committed the greater offense (*see* CPL 300.50 [1]; *People v Scarborough*, 49 NY2d 364 [1980]; *People v Murdaugh*, 38 AD3d 918, 919 [2007]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.