■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MOORE, Appellant. [875 NYS2d 177]—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered December 22, 2006, convicting him of burglary in the second degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A defendant is not entitled to the submission of a lesser-included offense (*see* CPL 1.20 [37]) unless, viewing the evidence in the light most favorable to the defendant (*see People v Martin*, 59 NY2d 704, 705 [1983]), there is a reasonable view of the evidence under which the jury could conclude that the defendant committed the lesser offense, but not the greater (*see People v Glover*, 57 NY2d 61, 63 [1982]; *People v Figueroa*, 57 AD3d 1003 [2008]; *People v Mendez*, 51 AD3d 948, 949 [2008]). Where, however, such a conclusion would require the jury to resort to speculation, a court does not err in refusing to submit the lesser-included offense (*see People v Butler*, 84 NY2d 627, 631, 632 [1994]; *People v Rivera*, 2 AD3d 542, 543 [2003]). Here, the court did not err in refusing the defendant's request to submit criminal trespass in the second degree as a lesser-included offense of burglary in the second degree, inasmuch as there was no reasonable view of the evidence under which, at the time the defendant entered the complainants' house, he did not intend to commit a crime inside (*see* Penal Law § 140.25 [2]; *People v Mendez*, 51 AD3d at 949; *People v Murdaugh*, 38 AD3d 918, 919 [2007]; *People v Archer*, 25 AD3d 619 [2006]).

The challenged comments in the prosecutor's summation, to the extent that they were improper, were not unduly prejudicial and, thus, do not require reversal (*see People v Pinkney*, 48 AD3d 707, 708 [2008]; *cf. Portuondo v Agard*, 529 US 61 [2000]).

Under the particular circumstances of this case, the sentence

imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Fisher, Leventhal and Chambers, JJ., concur.