◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALDO FABER, Appellant. [883 NYS2d 300]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered October 15, 2007, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree (two counts), petit larceny, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court's charge did not alter the prosecution's theory as presented in the

indictment, the bill of particulars, or the facts presented at trial (*see People v Charles,* 61 NY2d 321 [1984]; *cf. People v Kaminski,* 58 NY2d 886 [1983]). Further, the court properly instructed the jury that "a person is guilty of burglary in the second degree when that person knowingly enters or remains unlawfully in a building with intent to commit a crime therein" (*cf. People v Gaines,* 74 NY2d 358 [1989]; *see* CPL 300.40).

Moreover, the court properly denied the defendant's request to charge criminal trespass in the second degree as a lesser-included offense of burglary in the second degree because there is no reasonable view of the evidence that would support a finding that the defendant committed the trespass without also committing burglary (*see People v Moore,* 60 AD3d 787 [2009]; *People v Mendez,* 51 AD3d 948 [2008]; *People v Puryear,* 155 AD2d 562 [1989]). Rivera, J.P., Florio, Dickerson and Austin, JJ., concur.