People v Cunningham (2019 NY Slip Op 03070)





People v Cunningham


2019 NY Slip Op 03070


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2015-12069
 (Ind. No. 2828/13)

[*1]The People of the State of New York, respondent,
v
John Cunningham, appellant.


Paul Skip Laisure, New York, NY (Lauren E. Jones of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, Ayelet Sela, and Sharon Y. Brodt of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Daniel Lewis, J.), rendered October 23, 2015, convicting him of burglary in the second degree, possession of burglar's tools, and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the Supreme Court committed reversible error when, in its charge on burglary in the second degree, it instructed the jury on the portion of Penal Law § 140.25 that imposes liability for "remain[ing] unlawfully" in a dwelling. The defendant argues that this was improper since the People's case rested solely on the theory that he had unlawfully entered into the dwelling (see People v Gaines, 74 NY2d 358). The defendant's contention is unpreserved for appellate review (see CPL 470.05[2]; People v Mestres, 41 AD3d 618). In any event, "[s]ince the evidence permitted the jury to infer guilt under either theory, unlawful entry or unlawful remaining, the trial court properly charged the jury that it could determine guilt under either theory" (People v Lafond, 213 AD2d 678, 678; see People v Faber, 64 AD3d 788, 789; People v Noniashvili, 285 AD2d 657). Furthermore, the court's charge, taken as a whole, conveyed the correct standard to the jury (see People v Umali, 10 NY3d 417, 426-427).
The defendant's contention that the prosecutor made improper remarks during his opening statement and summation is largely unpreserved for appellate review (see CPL 470.05[2]; People v Giddens, 163 AD3d 990, 991). In any event, we agree with the defendant that certain of the prosecutor's remarks were improper, including those which, among other things, denigrated the defense (see People v Bunting, 146 AD3d 794, 795; People v Irving, 130 AD3d 844, 846), and could only have been intended to evoke the jury's sympathy (see People v Cherry, 163 AD3d 706, 707; People v Casiano, 148 AD3d 1044, 1045; People v Anderson, 142 AD3d 713, 716). Nonetheless, under the circumstances of this case, the defendant was not deprived of a fair trial by the prosecutor's remarks, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error in this regard might have contributed to his convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Cherry, 163 AD3d at 707; People v Bethea, 159 AD3d 710, 712). However, we take this opportunity to emphasize that [*2]"summation is not an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all the rhetorical devices at his [or her] command," but rather, "[t]here are certain well-defined limits" (People v Ashwal, 39 NY2d 105, 109; see People v Cantoni, 140 AD3d 782, 786-787; People v Wildrick, 83 AD3d 1455, 1458). Counsel must, among other things, "stay within the four corners of the evidence' and avoid irrelevant and inflammatory comments which have a tendency to prejudice the jury against the accused" (People v Bartolomeo, 126 AD2d 375, 390, quoting People v Ashwal, 39 NY2d at 109).
The defendant's contention that the Supreme Court failed to issue a proper adverse inference charge in connection with the People's failure to comply with the procedures set forth in Penal Law § 450.10 is unpreserved for appellate review (see CPL 470.05[2]; People v Woodberry, 239 AD2d 448, 449). In any event, any error in this regard was harmless, since there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to his convictions (see People v Crimmins, 36 NY2d at 241-242).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the New York Constitution because, viewing defense counsel's performance in totality, counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147). Furthermore, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court