People v McCullough (2019 NY Slip Op 03185)





People v Mccullough


2019 NY Slip Op 03185


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


373 KA 17-00059

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM MCCULLOUGH, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered June 30, 2016. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law
§ 140.25 [2]). Contrary to defendant's contention, County Court properly denied his request to charge criminal trespass in the second degree (§ 140.15 [1]) as a lesser included offense of burglary in the second degree. We conclude that " [t]here is no reasonable view of the evidence that defendant entered the building without the intent to commit a crime therein' " (People v Carter, 111 AD3d 1324, 1324 [4th Dept 2013], lv denied 22 NY3d 1155 [2014]; see People v Rickett, 94 NY2d 929, 930 [2000]; People v Ferguson, 154 AD2d 706, 707 [2d Dept 1989], lv denied 76 NY2d 788 [1990], cert denied 498 US 947 [1990]) and that "the jurors would have had to resort to sheer speculation' to so conclude" (People v Clarke, 233 AD2d 831, 832 [4th Dept 1996], lv denied 89 NY2d 1010 [1997], reconsideration denied 90 NY2d 856 [1997]; see People v Moore, 60 AD3d 787, 787 [2d Dept 2009], lv denied 12 NY3d 918 [2009]).
Contrary to defendant's further contention, we conclude that he received effective assistance of counsel inasmuch as "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that [his] attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, contrary to defendant's additional contention, we conclude that "[t]he prosecutor's remarks on summation were within the broad bounds of rhetorical comment permissible during summations and did not shift the burden of proof" (People v Rivera, 133 AD3d 1255, 1256 [4th Dept 2015], lv denied 27 NY3d 1154 [2016] [internal quotation marks omitted]). The challenged remarks were responsive to defense counsel's opening statement (see People v Kennedy, 69 AD3d 881, 883 [2d Dept 2010], lv denied 15 NY3d 752 [2010]; People v Lopez, 255 AD2d 147, 148 [1st Dept 1998], lv denied 92 NY2d 1034 [1998]), as well as fair comment on the evidence (see Rivera, 133 AD3d at 1256). Even assuming, arguendo, that the prosecutor made certain inappropriate remarks, we conclude that they were "not so pervasive or egregious as to deny defendant a fair trial" (People v Young, 153 AD3d 1618, 1620 [4th Dept 2017], lv denied 30 NY3d 1065 [2017], reconsideration denied 31 NY3d 1123 [2018]; see Rivera, 133 AD3d at 1257).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court