People v Henderson (2023 NY Slip Op 02329)

People v Henderson

2023 NY Slip Op 02329

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2018-10396
 (Ind. No. 2716/17)

[*1]The People of the State of New York, respondent,
v
Raymond Henderson, appellant.

Patricia Pazner, New York, NY (Ryan Miller of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Eric C. Washer, and Aaron M. Spurlock of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen A. Knopf, J.), rendered July 19, 2018, convicting him of burglary in the first degree, petit larceny, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that that the judgment is affirmed.
The defendant's contention that there was legally insufficient evidence to support the conviction of burglary in the first degree is only partially preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that he was deprived of a fair trial when the Supreme Court, in its charge on burglary in the first degree, instructed the jury on the portion of Penal Law § 140.30 that imposes liability for "remain[ing] unlawfully" in a dwelling. The defendant argues that this was improper since the People's case rested solely on the theory that he had unlawfully entered into a dwelling (see People v Gaines, 74 NY2d 358). The defendant's contention is unpreserved for appellate review (see CPL 470.05 [2]; People v Cunningham, 171 AD3d 1207). In any event, "[s]ince the evidence permitted the jury to infer guilt under either theory, unlawful entry or unlawful remaining, the trial court properly charged the jury that it could determine guilt under either theory" (People v Lafond, 213 AD2d 678, 678; see People v Faber, 64 AD3d 788, 789). Furthermore, the court's charge, taken as a whole conveyed the correct standard to the jury (see People v Umali, 10 NY3d 417).
The defendant's contention that he was deprived of a fair trial by certain statements [*2]made by the prosecutor during her summation is not preserved for appellate review because the defendant failed to object to the prosecutor's statements (see CPL 470.05; People v Morris, 2 AD3d 652; People v McHarris, 297 AD2d 824). In any event, most of the challenged remarks constituted fair comment on the evidence and the inferences to be drawn therefrom (see People v Fuhrtz, 115 AD3d 760; People v Birot, 99 AD3d 933; People v Guevara-Carrero, 92 AD3d 693; People v McHarris, 297 AD2d at 825), or were fair response to defense counsel's comments during summation (see People v Adamo, 309 AD2d 808; People v Clark, 222 AD2d 446; People v Vaughn, 209 AD2d 459), and any improper statements "were not so flagrant or pervasive as to deny the defendant a fair trial" (People v Almonte, 23 AD3d 392, 394; see People v Svanberg, 293 AD2d 555).
Viewing the record as a whole, the defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court