People v Faustin (2025 NY Slip Op 01231)

People v Faustin

2025 NY Slip Op 01231

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2018-08414
 (Ind. No. 1421/18)

[*1]The People of the State of New York, respondent,
v
Peter Faustin, appellant.

Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered June 27, 2018, convicting him of burglary in the first degree, burglary in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, count 4 of the indictment charging the defendant with grand larceny in the fourth degree is dismissed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the remaining counts of the indictment.
The defendant's contention that the evidence was legally insufficient to support his conviction of burglary in the first degree is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of that count beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the count of burglary in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The jury's failure to reach a verdict on sexual assault charges does not require this Court to conclude that the jury unreasonably credited the complaining witness on some counts and rejected her credibility on others (see People v Rayam, 94 NY2d 557, 562; People v Shuler, 227 AD3d 448, 449).
As the People correctly concede, the evidence was legally insufficient to establish that the stolen property had a value in excess of $1,000 as required to support a conviction of grand larceny in the fourth degree (see Penal Law § 155.30[1]). Nonetheless, the evidence was legally sufficient to support a conviction of the lesser included offense of petit larceny (see id. § 155.25).
The Supreme Court properly denied the defendant's request to charge criminal [*2]trespass in the second degree as a lesser included offense of burglary in the first degree. Viewing the record in the light most favorable to the defendant, there was no reasonable view of the evidence to support a finding that the defendant committed the lesser included offense of criminal trespass in the second degree but not burglary in the first degree (see People v Cuesta, 103 AD3d 913, 915-916; People v Faber, 64 AD3d 788, 789).
The defendant's challenge to the Supreme Court's jury charge regarding burglary in the first degree is unpreserved for appellate review and, in any event, without merit (see People v Faber, 64 AD3d at 788-789; People v Fenderson, 203 AD2d 585, 586).
The defendant's contention that defense counsel's failure to preserve certain claims for appellate review constituted ineffective assistance of counsel is without merit (see People v Taberas, 60 AD3d 791, 793).
However, the Supreme Court should have granted the defendant's for-cause challenge to a prospective juror who evinced a state of mind that was likely to preclude the prospective juror from rendering an impartial verdict based on the evidence (see CPL 270.20[1][b]). "[A] prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial" (People v Warrington, 28 NY3d 1116, 1119-1120 [internal quotation marks omitted]; see People v Chambers, 97 NY2d 417, 419). Here, during voir dire, the prospective juror stated that his mother-in-law was a victim of sexual assault and raised his hand when defense counsel asked if any potential jurors felt that this was not the "right case" for them since the sexual assault allegations in this case might make them "too emotional" and might be something they "c[ould not] handle." Under the circumstances, the prospective juror's statements raised a serious doubt regarding his ability to be impartial, and the court failed to elicit an unequivocal assurance on the record that the prospective juror could render a fair and impartial verdict based on the evidence (see People v Francois, 156 AD3d 812, 813; People v Reyes, 125 AD3d 892, 892-893). Since the defendant exhausted his peremptory challenges, the denial of his for-cause challenge constitutes reversible error (see CPL 270.20[2]; People v Alvarez, 174 AD3d 638, 638-639). Therefore, the judgment of conviction must be reversed and a new trial ordered.
The defendant's remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., FORD, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court